(129 App. Div. 496.)

### WEISBERG v. COHEN et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. LANDLORD AND TENANT (§ 294*)—SUMMARY PROCEEDINGS.

    In summary proceedings, the question is whether the conventional relation of landlord and tenant existed, and who is accordingly entitled to possession of the premises.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1270; Dec. Dig. § 294.*]

2. LANDLORD AND TENANT (§ 277*)—EXISTENCE OF RELATION.

    Where a servant occupied premises belonging to the master under a contract providing that in part compensation for her services she should occupy the premises rent free, the conventional relation of landlord and tenant did not exist, and on lawful termination of the contract the master had the right to remove the servant with such force as was necessary.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1174; Dec. Dig. § 277.*]

Appeal from Municipal Court of New York.

Action by Rosie Weisberg against Joseph Cohen and others. From a final order in summary proceedings, defendants appeal. Reversed, and rehearing ordered.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Henry Silverman, for appellants.
Joseph Sapinsky, for respondent.

JENKS, J. The petitioner alleged that she was tenant of the defendant Cohen's premises by virtue of a lease from said defendant for a term from October 20, 1907, until October, 1908, and that on January 18, 1908, when she was in possession, the defendant and others forcibly entered the premises and ejected her. The defendant made general denial, and for a separate defense alleged that the plaintiff never was his tenant, but his servant, that her employment had been lawfully terminated by him, that thereupon the servant had been directed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to quit the premises, and then, after a reasonable time had elapsed, he had ordered the servant's goods and chattels to be removed from the premises, with but necessary force.

The premises were living rooms in the rear of a shop. The question upon such proceeding is whether the conventional relation of landlord and tenant existed, and who is accordingly entitled to the possession of the premises. If the occupancy of the plaintiff under the contract with defendant arose solely out of the relation of servant and master, and such occupancy up to the time of the ejection was merely a part of the contract, as of the consideration paid thereunder for services, then the conventional relation of landlord and tenant did not exist at that time. When the contract for services was terminated lawfully, the right of occupancy ceased in the servant, and the right of possession was in the master. People v. Annis, 45 Barb. 304, approved as to this principle in Kerrains v. People, 60 N. Y. 225, 19 Am. Rep. 158. See, too, Kerrains v. People, supra; 3 McAdam on Landlord and Tenant (3d Ed.) pp. 260, 261, and cases cited. See, too, Bristor v. Burr, 120 N. Y. 431, 24 N. E. 937, 8 L. R. A. 710. And the master or owner of the premises would have the right to remove the occupant (his late servant) with such force as was necessary. McAdam, supra; Bristor v. Burr, supra.

For these reasons the question as to the character of the occupancy of the plaintiff at the time of the alleged ejectment was material to the issue in these proceedings, and hence I think that the court erred in its exclusion, under exception, of the defendant's offer to read in evidence the written contract between the parties, which was for her employment as a servant by the defendant, which provided that in part compensation for her services she should occupy the premises in question rent free, and which also provided that the defendant might terminate the contract at any time without penalty or further payment.

The order is reversed, with costs, and a rehearing ordered; costs to abide the event. All concur.