SAMUEL TUNICK, Appellant, *v.* FEDERAL FOOD STORES, INC., Respondent.

(Supreme Court, Appellate Term, Second Department, December, 1921.)

Landlord and tenant — life estate — acceptance of rent by remaindermen renders previous lessee a tenant at sufferance — evidence — notice that holding over after death of life tenant would be by the month only, held admissible.

A life tenant of certain real property leased it for a term of two years from November 1, 1919, with privilege of renewal for three years. From and after the death of the lessor on November 23, 1920, the tenant continued to pay rent to the remaindermen. The grantee of the remaindermen under a deed of conveyance of the premises made June 2, 1921, as petitioner in summary proceedings, claimed that he permitted the tenant to remain as a monthly tenant and that the last term expired July 31, 1921. It was admitted that when petitioner signed the contract to purchase the premises he knew of the original lease. Upon holding that the acceptance by the remaindermen of the rent reserved in the original lease was a ratification and adoption thereof, and that the petitioner's acceptance of rent for several months was also a ratification of said lease, the trial justice dismissed the petition. *Held,* that the acceptance of rent by the remaindermen changed the status of the tenant, who would otherwise have been a trespasser, to a tenant at sufferance.

Upon the death of the life tenant it was proper for petitioner to notify the tenant that its holding over would be by the month only, and the refusal of the court to receive in evidence the notice to that effect on the ground that it was a self-serving declaration, was error; the evidence should have been admitted as tending to prove a valid contract between the parties, and the final order dismissing the petition will be reversed and a new trial granted.

APPEAL by the landlord from a final order dismissing his petition to regain possession of the premises occupied by the tenant as a store only, after a trial in

the Municipal Court of the city of New York, borough of Brooklyn, second district.

Robert M. Johnston, for appellant.

W. A. Fischer, for respondent.

Kelby, J.   The premises in question were formerly owned by one Frederick Erlenwein, who died seized of said premises, leaving a last will and testament, which was duly probated in the Surrogate's Court in July, 1914.   By the terms of this will the premises in suit were devised absolutely to the children of said decedent, in equal shares, subject to a life estate of the testator's widow, Ida Erlenwein.   On September 18, 1919, the said life tenant, Ida Erlenwein, being in possession of the premises under the terms of said last will, entered into a written agreement with the Federal Food Stores, Inc., the tenant herein, for a term of two years, from November 1, 1919, and with the privilege of renewal of three years.

The tenant went into possession under this lease from the life tenant, and the life tenant died on November 23, 1920, whereupon the fee of said premises became vested in the children of Frederick Erlenwein.

On June 2, 1921, by deed from these children, the plaintiff, Samuel Tunick, took title to the premises in fee.   From and after the death of the life tenant the present tenant, the Federal Food Stores, Inc., continued to pay rent to the remaindermen under the will, and the present petitioner permitted the present tenant to remain, as he claims, a monthly tenant from month to month, and claiming that the last term expired on July 31, 1921.

The appellant in his brief states that "the tenant continued paying the rent specified in said lease up

to the time of this proceeding to Charles Erlenwein, the executor, under the last will and testament of Frederick Erlenwein, deceased. He then paid it to Samuel Tunick, the new owner and petitioner herein, in June, 1921.'' It is admitted that the existence of the original lease to the present tenant was known to the present landlord before he signed the contract to purchase the property.

The trial justice disposed of the case by holding that the acceptance of rent, reserved in the lease, by the remaindermen after the death of the life tenant was a ratification and adoption of the lease of the life tenant, and that the present owner likewise ratified the lease by accepting the amount reserved in the life tenant's lease for a period of a few months.

In the case of *Williams* v. *Alt,* 226 N. Y. 283, 288, it was held that when the life tenant died the lease made by him as owner of a life estate terminated. The court in that case cited section 1664 of the Code of Civil Procedure, which reads as follows: ''A person in possession of real property, as guardian or trustee for an infant, or having an estate determinable upon one or more lives, who holds over and continues in possession, after the determination of his trust or particular estate, without the express consent of the person then immediately entitled, is a trespasser. An action may be maintained against him, or his executor or administrator, by the person so entitled, or his executor or administrator, to recover the full value of the profits, received during the wrongful occupation.''

The tenant, therefore, was a trespasser if he held over and continued in possession after the termination of the life estate without the express consent of the owner, that is, the remaindermen under the will of Frederick Erlenwein, deceased. But in this case

the remaindermen did consent by accepting rent, and, therefore, changed the status of the tenant from that of a trespasser to a tenant at sufferance.

In the case of *Coakley* v. *Chamberlain,* 8 Abb. Pr. (N. S.) 37, it was squarely held that " The mere fact that the remaindermen, by an action instituted for that purpose, collected the rent reserved by the lease, from the death of the life tenant up to the time of the final partition of the premises, cannot be construed into an adoption and ratification of such covenant on their part.'' And so in the case of *Hinton* v. *Bogart,* 166 App. Div. 155, where the court said: '' Undoubtedly by the death of the life tenant the lease by her of the property terminated and plaintiffs as owners of the property became entitled to possession thereof. Defendant, however, continued in possession of the premises and continued to pay the rent reserved by the lease and the taxes upon the property down to May 1, 1910, at which time by the notice served upon the defendant plaintiffs required defendant to deliver possession of the property to them. There can be no question, I think, that upon the continuance in possession of the premises, holding under the lease, defendant became tenant at will, and became liable for the use and occupation; the value of the use and occupation to be determined by the amount defendant agreed to pay as rent during the continuance of the lease.''

To the same effect see *Guthmann* v. *Vallery,* 51 Neb. 824, the court holding in that case that a lessee remaining in possession after the termination of the life estate, in the absence of an express contract with the reversioner, becomes liable to the latter for the reasonable value of the use and occupation of the premises, but not liable on the contract with the tenant for life.

Misc.] Appellate Term, Second Department, December, 1921.

The trial justice was, therefore, in error when he held that there was a ratification of the life tenant's lease.

Another matter appears in the record, and as there is to be a new trial mention should be made of it. It appears that upon receipt of the rents for the months of June and July from the tenant, the present owner caused his attorney to serve a notice upon the tenant to the effect that the new owner would accept the rent from the tenant from month to month only, and that this notice was sent to the tenant at its place of business. The court refused to receive this notice in evidence on the ground that it was a self-serving declaration.

As the tenant became a tenant by sufferance only after the death of the life tenant it was proper for the present landlord to notify the tenant that its holding over in the future would be by the month only, and this evidence was competent and should have been admitted as tending to prove a valid contract between the parties.

For these reasons the final order is reversed and a new trial granted, with ten dollars costs to the appellant to abide the event.

CROPSEY and LAZANSKY, JJ., concur.

Order reversed.