CARRIE T. WINEGARD, Appellant, v. LOUIS LEVY and JOSEPH LEVY, Respondents.

Supreme Court, Appellate Term, First Department, April, 1923.

Landlord and tenant — summary proceedings — lease from life tenant — when new monthly tenancy is created by death of life tenant and attornment to remainderman.

The acceptance of rent from a tenant subsequent to the death of the life tenant, the original lessor, is not a ratification of the tenancy but a tenancy at sufferance is created and if the tenant pay the rent in monthly periods he becomes a monthly tenant.  By paying the rent the tenant attorns to the remainderman and can be removed in summary proceedings.

Where at the trial the proof was that since the death of the life tenant the lessees had paid the rent to the agent of the remainderman in monthly payments up to and including the month in which the proceeding was instituted, and it was conceded that prior to the first day of that month a thirty-day notice to quit the premises at the end of said month was given to the tenants, a judgment and order entered in favor of the tenants upon the verdict of a jury will be reversed, with costs, and a final order directed awarding the landlord possession of the premises, with costs.

APPEAL by landlord from a judgment and final order entered in the Municipal Court of the city of New York, borough of Manhattan, second district, in favor of the tenants upon the verdict of a jury in summary proceedings brought to remove the tenants upon a holdover.

C. Bertram Plante, for appellant.

Stone & Schleimer (Max Schleimer, of counsel), for respondents.

BURR, J.  The premises were used for business purposes exclusively and were located at 3 and 5 First street, borough of Manhattan, city of New York.  Bethany Smith was the owner in fee.  She died in 1889 leaving a last will and testament whereby the testatrix devised the premises to Anah E. S. Tilson for life and upon her death to her issue who were Carrie T. Winegard, the appellant herein, and one Lida D. Klotz, who subsequently conveyed her interests to the appellant.  The respondent obtained possession under a lease dated May 1, 1911, made by the life tenant, Anah E. S. Tilson, for the term of nineteen years expiring May 1, 1930.  Anah E. S. Tilson, the life tenant, died December 23, 1915.  Subsequent to the death of the life tenant the tenants paid to the remainderman's agent $135.42 as rent of the premises in question for the month of January, 1916, and on February 7, 1916, the tenants paid to the remainderman's agent the like sum

of $135.42 for the month of February, 1916, and received receipts for both payments which were produced upon the trial and marked plaintiff's exhibits 4 and 5. Similar receipts produced by the tenants were introduced in evidence showing that the tenants paid rent to the agent of the remainderman for each month thereafter up to and including the month of November, 1921, when this proceeding was instituted. It was conceded at the trial that prior to November 1, 1921, the thirty-day notice to quit the premises at the expiration of the month of November, 1921, was given to the tenants. The lease made by the life tenant terminated upon her death on December 23, 1915, and the acceptance by the remainderman of the rent reserved in the old lease created a tenancy at sufferance and by paying such rent for monthly periods the tenant became a monthly tenant.

It is well settled that a lease for a period beyond the term of the life tenant terminates absolutely upon the death of the life tenant. In *Barson* v. *Mulligan*, 198 N. Y. 23, the court said, at page 25: " The original entry by Mrs. Mulligan was under a lease from the tenant for life, whose death on the second of October, 1897, terminated the tenancy."

In *Williams* v. *Alt*, 226 N. Y. 283, at page 288 the court said: " When Henry Mook died the lease made by him as owner of a life estate in the real property to the respondent Alt, terminated."

In *Hinton* v. *Bogart*, 166 App. Div. 155, 157, the court said: " Undoubtedly by the death of the life tenant the lease by her of the property terminated and plaintiffs as owners of the property became entitled to possession thereof."

Upon the death of the life tenant and the acceptance of rent by the remainderman, the tenant became a tenant at sufferance which was converted into a monthly tenancy by the payment of monthly rents. *Tunick* v. *Federal Food Stores, Inc.*, 117 Misc. Rep. 329; *Hinton* v. *Bogart*, 166 App. Div. 155.

If the tenant pays rent and thereby attorns to the remainderman he can be removed in summary proceedings because the relation of landlord and tenant exists. *Tunick* v. *Federal Food Stores, Inc., supra.*

The acceptance of rent from the tenant subsequent to the death of the life tenant was not a ratification or adoption of the lease. *Tunick* v. *Federal Food Stores, Inc., supra; Hinton* v. *Bogart, supra.* The institution of an action for the collection of unpaid rent which became due after the death of the life tenant has not the effect of ratifying the lease. *Coakley* v. *Chamberlain*, 8 Abb. Pr. (N. S.) 37. The life tenant's lease having expired and a new estate of a monthly tenancy having been created, the final order is reversed, with thirty

dollars costs, and final order directed to be entered awarding to the landlord the delivery of the possession of the premises, with costs.

Lehman and Lydon, JJ., concur.

Order reversed.