ELEANOR ROBERTS, by FRED B. EMENS, Agent, Petitioner, *v.* GILBERT W. EASTMAN and Others, Respondents.

County Court, Tioga County, September 3, 1929.

*John M. Parker*, for the petitioner.

*Francis J. Clohessy*, for the respondents.

TURK, J. This is a proceeding brought under section 1410 of the Civil Practice Act to summarily dispossess Gilbert W. Eastman and his two children from premises occupied by them in the town of Tioga, Tioga county, N. Y.

It is conceded by the parties hereto that Jeff D. Roberts at the time of his death had record title to the property described in the petition; that prior to his death he entered into a written contract with one Jennie L. Eastman by the terms of which he agreed to convey said property to Jennie L. Eastman on certain conditions, namely, that he retain a life use of the property; that said Jennie L. Eastman live upon the premises and care for him during the term of his natural life and as long as he made his home upon the premises; that she furnish him with suitable board, and care for him during any sickness he might have. It was also agreed that he and Mrs. Eastman were to work the land on said premises; that each have one-half of the profits thereof; that if Jennie L. Eastman died prior to the death of Jeff D. Roberts the contract and agreement were to become null and void and that all rights given her under said contract and agreement should terminate forthwith, none of which were to descend to her heirs at law and next of kin. In compliance with the agreement the said Jeff D. Roberts executed a deed of the premises to Jennie L. Eastman, in escrow, to be delivered to her upon his death, provided she outlived him.

It has been further stipulated between the parties hereto that the respondent Gilbert W. Eastman and his two children are now in possession of the premises in question and that on or about the 13th day of March, 1929, Jeff D. Roberts fatally wounded the said Jennie L. Eastman and then committed suicide; that from

the date of the agreement above referred to, namely, December 15, 1928, until the death of Jennie L. Eastman, Jeff D. Roberts, Jennie L. Eastman, Gilbert W. Eastman, this respondent, and his two children occupied the premises.

Jennie L. Eastman died intestate. Gilbert W. Eastman was appointed administrator of the goods, chattels and credits of the said Jennie L. Eastman. Jeff D. Roberts died intestate and Fred B. Emens, this petitioner, was appointed administrator of his goods, chattels and credits. Jeff D. Roberts left him surviving Eleanor Roberts as his only heir at law and next of kin and the petitioner Fred B. Emens is the duly authorized agent of said Eleanor Roberts under a power of attorney which is also annexed to the petition herein.

The respondent has filed an answer claiming title in the respondent by reason of the contract above mentioned.

It is the theory of the petitioner that the respondents are tenants at will or sufferance and prior to the commencement of these proceedings the petitioner caused a thirty-day notice to be served on the respondent Gilbert W. Eastman requiring him to remove from the premises.

Except as the remedy in summary proceedings has been extended by section 1411 of the Civil Practice Act, which section does not apply here, it is the general rule that the remedy is available only when the conventional relation of landlord and tenant exists between the parties. (*Weisberg* v. *Cohen,* 129 App. Div. 496; *Williams* v. *Alt,* 186 id. 235; 226 N. Y. 283.)

The question to be determined in summary proceedings is whether the relation of landlord and tenant exists and whether the landlord or tenant has the right of possession. (*Quinn* v. *Quinn,* 46 App. Div. 241.)

Tenancy at will is created by grant and contract by one person, who lets lands to another to hold at the will of the lessor. The characteristics of such a tenancy are uncertainty with respect to duration and the right of either party to terminate it by proper notice. Both the entry and occupation are lawful, but for no definite term of possession. A landlord's mere consent to the occupation of his land by another does not necessarily imply consent to such occupation as tenant. (Thomp. Real Prop. §§ 962, 963.)

There must, however, be some leasing of the premises, some intention on the part of the parties that there is a leasing of the premises. (*Matter of Matthews* v. *Matthews,* 49 Hun, 346.)

A tenancy at sufferance is not a tenancy at all. It is merely not an adverse possession. It is an estate created, not by consent,

but by the laches of the owner, and without laches on the part of the owner there can be no estate by sufferance. (*Rowan* v. *Lytle*, 11 Wend. 616.)

Jennie L. Eastman entered into possession of these premises for the purpose of boarding and caring for Jeff D. Roberts, and it seems clear that there was consent on the part of Jeff D. Roberts that Mrs. Eastman's husband and children occupy the premises with them that she might the better be enabled to give Jeff D. Roberts the care required by the contract, and that there was no thought on the part of Jeff D. Roberts of a tenancy or of the paying of rent by Gilbert W. Eastman. The facts in the instant case are quite similar to the facts in *Matter of Matthews* v. *Matthews* (49 Hun, 346), in which case the court held that a summary proceeding was not the proper remedy. I conclude, therefore, that during his lifetime Jeff D. Roberts could not have dispossessed Gilbert W. Eastman by summary proceedings; that under the authority of *Williams* v. *Alt* (*supra*) Eleanor Roberts could not remove Gilbert W. Eastman by summary proceedings, there being no relation of landlord and tenant between them, and her remedy, if any, being an action in trespass; also that the administrator of the estate of Jeff D. Roberts acquired no greater rights than Jeff D. Roberts himself would have had.

An order to remove Gilbert W. Eastman from the premises is denied.