NEW YORK RAILWAYS CORPORATION, Appellant, *v.* SAVOY ASSOCIATES, INC., Respondent.

First Department, December 15, 1933.

*J. A. Fowler, Jr.*, of counsel [*A. H. Wurts* with him on the brief; *Cotton, Franklin, Wright & Gordon*, attorneys], for the appellant.

*Samuel W. Dorfman* of counsel [*Jacob R. Schiff* with him on the brief; *Schiff, Dorfman & Stein*, attorneys], for the respondent.

TOWNLEY, J. This is a dispossess proceeding brought by the landlord-petitioner against the tenant-respondent for a final order awarding the premises to petitioner on failure of the tenant to vacate the premises after a thirty-day notice given to terminate an alleged tenancy from month to month.

Appellant is the owner of a building on Lenox avenue between One Hundred and Fortieth and One Hundred and Forty-first streets. Respondent was a subtenant under the D. B. & M. Holding Corporation, who were lessees of the entire building. Respondent occupied the second floor of the building where it conducted a negro dance hall. On September 22, 1932, the appellant dispossessed the D. B. & M. Holding Corporation and its estate was terminated by the issue and execution of the warrant in that proceeding. The respondent was not made a party to that proceeding and remained in possession of the part of the premises leased by it after the dispossess proceeding. It paid rent to appellant for the months of October, November and December at the rate of $500 per month. The rent, which was originally $1,733 per month, had been reduced by an agreement with the D. B. & M. Holding Corporation some time prior to the dispossess proceeding.

An issue of fact is presented by the record as to what occurred at the time the arrangement under which this rent was paid was made. Witnesses for the landlord testified that when the October rent was accepted, it was upon the express understanding that the tenancy should be from month to month and that when the first month's rent was paid, a receipt was given which read as follows: "Received from the Savoy Associates Five Hundred Dollars ($500.00) for the second floor in premises 600 Lenox Avenue on

account, monthly letting only, subject to approval and acceptance of the owners."

The president of the respondent, one Galewski, denied that any such arrangement was made or that a receipt in the form claimed by appellant was accepted. The claim of Galewski was that in the latter part of September the assistant secretary of the landlord, one Walker, informed him that the lessee had been dispossessed and inquired as to the terms of the lease under which the tenant was occupying the demised premises. The lease was shown to Walker and he was told about the modification agreement. The crucial testimony in the case then followed: " A. [by Galewski] When he heard that we paid Five hundred dollars he said, ' Well, I think we will not keep your lease.' I said, ' How is that? We never knew of anything. We were never made a party to the dispossess. We don't know of anything.' Q. Did you say all that to Mr. Walker? A. Mr. Walker said that to me personally and after he looked over the books he saw that we are losing money. He looked over the books and saw that we are paying Five hundred dollars a month. He said to me himself, ' Would you like to remain under the lease and modification? ' and I said, ' Yes.' He said, ' I will tell you, you will pay the rent of Five hundred dollars a month to our authorized agent, Mr. Walsh. He will be here next month,' meaning the month of October, and that was the end of this." Walsh was accordingly paid in October, November and December. A receipt for November first was produced at the trial which showed an acceptance of $500 from October 1 to October 31, 1932. The trial court found that petitioner had accepted this new tenant for the balance of the term which expires in 1936, with a renewal option for ten years, making a total of some fourteen years.

The appellant upon this appeal claims that the subtenant-respondent was in possession of the premises as a tenant from month to month under the arrangement above referred to and not under any adoption, ratification or attornment which operated to transfer the obligations and duties of the lessor of the sublease to the owner of the fee. The rights of the subtenant-respondent under its lease were subordinate to and depending on the primary lease of the D. B. & M. Holding Corporation. When that lease was terminated by the warrant in the dispossess proceeding all right of the subtenant under its lease fell with it. (*Eten* v. *Luyster*, 60 N. Y. 252, 258; *Great Western R. Co.* v. *Smith*, [1876] 2 Ch. Div. 235, 253.) In the last mentioned case the court in its opinion stated the rule as follows: " It is a rule of law that if there is a lessee, and he has created an under-lease, or any other legal interest,

if the lease is forfeited, then the under-lessee, or the person who claims under the lessee, loses his estate as well as the lessee himself."

The rights of the respondent under its lease having been terminated by the dispossess, there remains to be considered only what right, if any, accrued to it by virtue of the agreement claimed to have been made by it with the owner of the fee and the payment of rent thereunder. The Court of Appeals considered a somewhat similar situation in *Matter of O'Donnell* (240 N. Y. 99), where the court in its opinion said (at p. 105): " Attornment may also mean the acknowledgment by a tenant that he holds under a new lord who claims by title paramount, and not by grant of the reversion or as privy to the reversioner. In such a situation, ' the new tenancy thus constituted, though popularly spoken of as a continuing tenancy,' is ' in fact a new contract and a new demise ' [*Oakley* v. *Monck*, L. R. 1 Exch. 159, 164; Tiffany on Landlord & Tenant, pp. 179, 180, § 73, pp. 411, 413]. Ratification of the old demise, at least in any proper sense, there obviously is none, for he who made the demise has not assumed to act for any one except himself, and least of all for one whose claim is paramount and hostile (*Hamlin* v. *Sears*, 82 N. Y. 327, 331). \* \* \* If nothing more is shown than payment and receipt of rent, the result at common law is the creation either of a tenancy at will or at most of one from year to year (*Oakley* v. *Monck, supra; Keith* v. *Gancia & Co.*, [1904] 1 Ch. 774, 783; *Corbett* v. *Plowden*, L. R. 25 Ch. D. 678; *Doe ex dem. Chawner* v. *Boulter*, 6 A. & E. 675; *Gartside* v. *Outley*, 58 Ill. 210, 214; *Tunick* v. *Federal Food Stores, Inc.*, [App. Term] 117 Misc. Rep. 329, 331; *Hinton* v. *Bogart*, 166 App. Div. 155; Tiffany, *supra*, pp. 180, 411, 413)."

The claim of the respondent to the creation of the estate for a term longer than a year by attornment is based entirely upon the parol agreement claimed to have been made with the owner and the payments of rent thereunder. This arrangement, constituting as it did " a new contract and a new demise," under the rule as laid down in the *O'Donnell Case (supra)*, it must in the absence of some special circumstances be in writing under the Statute of Frauds. There may be cases in which, in addition to the payment of rent, circumstances are sufficient to permit the inference that even in the absence of a writing, there has been an attornment of a term in excess of a year. (*Matter of O'Donnell, supra.*) In *Austin* v. *Ahearne* (61 N. Y. 6), for example, the attornment was in writing and the writing in the light of surrounding circumstances, as the Court of Appeals said (*Matter of O'Donnell, supra*), " could not reasonably be interpreted as leaving the two tenants in common upon terms of inequality." Concededly, however, such cases in

which the Statute of Frauds is disregarded must necessarily be very rare. They depend on some element of fraud or estoppel.

In the present case all the arrangements between the sublessee and the landlord were oral and involved a long term lease. The officer representing the petitioner could not be presumed to have authority to adopt on behalf of the landlord the modified lease in question. No element of fraud or estoppel is presented. The Statute of Frauds was not waived. A tenancy arising out of an attornment is in fact based on a new demise. (*Oakley* v. *Monck*, [L. R.] 1 Exch. 159, 164.) Accordingly, the reply of the landlord setting up the Statute of Frauds should have been given such force as to make it decisive of the issue tendered.

In any event the claim of the respondent that the sublease with all its terms was accepted by the landlord is based on testimony (cited above) which does not at all satisfy the requirements of the burden of proof. Walker is quoted as saying first that the landlord would not keep the lease. The question was then asked by Walker, " Would you like to remain under the lease and modification? " Walker's final remark is nothing that would indicate any final consent to accept the subtenant. All that he said was, " You will pay the rent of Five hundred dollars a month to our authorized agent." The effect of this conversation, it seems clear, was to leave the whole transaction on a month to month basis.

The failure to make the subtenant a party to the first dispossess proceeding could not affect the character of its estate after the overlease fell for non-payment of rent. Its only effect was to prevent the landlord from taking action against it without further proceedings to which it was a party. (*Croft* v. *King*, 8 Daly, 265, and cases there cited.)

The determination appealed from and the final order should be reversed, and a final order should be issued to the landlord as prayed for in the petition, with costs to the appellant in all courts.

FINCH, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Determination appealed from and final order of the Municipal Court reversed, and a final order directed to be issued to the landlord as prayed for in the petition, with costs to the appellant in all courts.