D. A. SCHULTE, INC., Landlord-Respondent, *v.* LOFT, INC., Tenant-Appellant, BLUMCHOLA RESTAURANT, INC., and Another, Undertenants.

Supreme Court, Appellate Term, First Department, November 21, 1935.

*O'Brien, Driscoll & Raftery [Arthur F. Driscoll and Edward J. Clarke* of counsel], for the appellant.

*Jerome Eisner [Henry I. Fillman* and *J. B. Sheftel* of counsel], for the respondent.

CALLAHAN, J.    The petition alleges the demise of building and premises situate at Forty-second street and Sixth avenue to D. A. Schulte, Inc., the landlord herein; that the landlord let the same premises to the Forty-second Street and Sixth Avenue Corporation (hereinafter referred to as the sublessor), and the latter corporation let a store and basement in the building to Loft, Inc., appellant-tenant, the term of the tenant extending to April 30, 1944, one day beyond the expiration of the term of its lessor's lease; that the tenant took possession under the demise and subsequently attorned to the landlord herein under the terms of the lease from the sub-lessor; and that the rent for April, 1935, amounting to the sum of $3,625 was not paid although demanded.

The defense of the tenant is that its lease was an assignment *pro tanto* of the lease from the landlord herein to the sublessor, that in March, 1935, the tenant assigned its lease to the 104 West Forty-second Street Corporation, and was, therefore, not liable for rent which subsequently accrued for April, 1935.

There is no dispute as to the facts.

The trial judge wrote an opinion holding that the lease to the tenant herein was an assignment *pro tanto* of the lease from the landlord to the sublessor, and that the assignment from the tenant to 104 West Forty-second Street Corporation was ineffective to discharge the tenant from the obligation to pay rent, for the reason

that the so-called agreement of attornment referred to in the petition and produced on the trial constituted an assumption by the tenant of the covenants of its lease for the benefit of the landlord herein. Final order and judgment were accordingly rendered for the landlord.

Respondent-landlord insists that there is no assignment *pro tanto* here, because no assignment of the lease made by the landlord to the sublessor could be operative in the face of the provisions of that instrument that " no assignment in violation of the provisions of this lease shall vest in such assignee any right or title in or to the leasehold estate hereby created;" that the lessee shall not assign without the written consent of the lessor; that the lessee may assign according to the form marked Exhibit A annexed to the lease, which form requires an assumption of the lease by the assignee; and that the giving of consent in any instance shall not permit any subsequent assignment without like written consent.

Apart from the fact that provisions against assignments without consent are construed strictly against the lessor (*Gillette Bros., Inc.,* v. *Aristocrat Restaurant, Inc.,* 239 N. Y. 87), in this instance there is no provision against subletting contained in the lease to the sublessor; on the contrary, that lease permits subletting without any consent; and it is clear that the intention of the parties was to prohibit assignments *in toto* without consent, not assignments *pro tanto*, which are sublettings as well as partial assignments.

I, therefore, agree with the conclusion of the trial judge that the tenant was an assignee *pro tanto* in respect to the landlord herein. (*New Amsterdam Casualty Co.* v. *National Union Fire Ins. Co.,* 266 N. Y. 254.)

Although the trial judge disagreed with the landlord's counsel as to the effect of the sublease to the tenant he held that notwithstanding the assignment made by the tenant to the 104 West Forty-second Street Corporation the agreement made by the landlord and the assignee herein in December, 1932, about eighteen months after dispossession of the tenant's lessor, created " a privity of contract between the parties rendering the tenant liable for the rent sought in this proceeding."

It is accordingly necessary to examine the agreement of December, 1932. The parties thereto are the landlord and the tenant herein; it recites the lease from the landlord to the sublessor and the sublease from the latter corporation to the tenant; that the tenant has for a considerable time paid rent to the landlord in accordance with the terms of the sublease; that the tenant has requested a reduction of rent from the landlord; and the agreement of the parties that " the rent shall be " a stated sum; and paragraph

third of the sublease (referring mainly to limitation of the term) is amended as stated in the agreement. Then follow these provisions:

" *Third.* The parties hereto agree that all of the other terms, covenants and conditions of the aforesaid lease last above mentioned, are hereby in each and every respect ratified and confirmed, and are not to be deemed as impaired by any of the foregoing amendments.

" *Fourth.* This agreement shall be binding upon and enure to the benefit of the parties hereto, their respective successors and assigns."

While undoubtedly privity of contract is shown by the above exhibit I do not think that by that contract the tenant assumed the obligation to pay rent to the landlord for the balance of the term of the sublease.

Prior to the making of the agreement the lease to the tenant was an assignment *pro tanto*, and that assignment was not destroyed by the agreement. Apparently the primary object of the parties was the reduction of the rent. The tenant was not obligated to pay to the landlord herein the rent specified in its lease, but only an amount which would represent the fair value of its part of the building as compared with the total rent; the landlord's agreement to reduce the rent merely modified the agreement *pro tanto*, and it cannot be seriously claimed that if a landlord makes a contract with an assignee to reduce the rent the result is effective to change the liability of an assignee to that of a lessee. Nor does the change in the third paragraph of the lease and the ratification of the other paragraphs change the relation of the parties.

There is no express provision in the agreement for the assumption or revival of the sublease. Nor should the assumption of the balance of a term of twelve years be left to implication from the terms of an agreement " drawn technically in form and with obvious attention to details." (1 McAdam Landlord & Tenant [5th ed.], p. 478.)

That the agreement was binding on the parties and their assigns is not controlling, for any agreement made by the parties would necessarily bind the parties and their assigns.

It must be remembered that the landlord here is not an assignee of the sublease; indeed under the doctrine laid down by our Appellate Division in *New York Railways Corp.* v. *Savoy Associates, Inc.* (239 App. Div. 504) the sublease to the tenant was terminated by the prior summary proceedings brought against the sublessor even though this tenant was not a party to that proceeding.

The landlord claims that under the December, 1932, agreement the tenant, in effect, attorned to the landlord under the terms of

the sublease. But there was no occasion for any attornment in this instance, for the relation of landlord and tenant existed from the beginning between the landlord herein and the assignee *pro tanto* (Keogh Landlord & Tenant, Summary Proceedings, 184), and for the reasons above stated I do not think the subsequent agreement of December, 1932, changed the status of the tenant.

No question of delivery or acceptance of the tenant's assignment was raised on the landlord's motion for judgment below; and delivery was apparently assumed by the trial judge in arriving at his decision.

It follows that the relation of landlord and tenant had terminated prior to the beginning of these proceedings, and the final order and judgment cannot be sustained. They should be reversed, with thirty dollars costs, and final order directed for the tenant, with costs.

. LYDON, J., concurs; SHIENTAG, J., dissents, with memorandum.

SHIENTAG, J. (dissenting). I dissent on the ground that the agreement of December 1, 1932, created privity of contract between the parties, rendering the tenant liable for the rent claimed.

Final order and judgment reversed, with thirty dollars costs, and final order directed for the tenant, with costs.