Albert P. Williams, J.
This is a summary proceeding for the nonpayment of rent. The petitioner seeks possession of the *708 premises and rents in the sum of $246,697.96. It is the tespondents’ continuing argument that this, court lacks jurisdiction in this special proceeding, because prior to the commencement of ■the action the respondents abandoned the premises.
In order to maintain a summary proceeding, an essential jurisdictional fact is that the respondent be in possession at the time the proceeding is commenced. Section 741 of the Eeal Property Actions and Proceedings Law is in part derived from section 1425 of the Civil Practice Act. The court in the case of 21 West Forty-Sixth St. Corp. v. Latherizer Corp. (142 Misc. 487), while discussing section 1425, observed that it was intended that a special proceeding would not substitute for an action for rent in a case where the jurisdictional facts for maintenance of a summary proceeding ¡were not shown to exist.
Petitioner argues that the uncontroverted evidence adduced in the case is to the effect that the respondents never offered to ■surrender the premises and never attempted to return the keys. In addition, petitioner asserts that there .is no concession by it that respondents are not in possession of the premises.
The leading case on this issue is Warrin v. Haverty (149 App. Div. 564). In that case the court stated (p. 567): “ We are of opinion that the court was without jurisdiction to make the order, for the uncontroverted evidence shows that the tenant was not in possession at the time the proceeding was instituted, and was not holding over or claiming any rights as a tenant of the premises.” It is clear from the reading of that case that the determination of whether the tenant is in possession or not is a factual determination. Since it is a factual determination I do not read anything in that case which indicates that the parties must necessarily agree on what the facts are. Determining the facts is for the court.
■The petitioner’s witness, Mr. Parker, testified that prior to the commencement of the action he visited the subject premises. On that visit he .saw no employees of the respondents, no furni-. ture, no desks or other personal property of the respondents. The premises in question consist of 57,936 square feet on the third floor (the entire .third floor) and 21,053 square feet on the second floor of No. 2 Broadway in the Borough of Manhattan. The sum total of the material found there occupied 30 square feet on the second floor and some 10 to 20 square feet on the third floor, so Mr. Parker testified. The materials found were some computer printouts, a formica top desk in the mail room, with drawers empty, a conveyor belt, which was bolted to the floor and isome bolted partitions. The evidence is clear that the *709 respondents were not in physical possession of the premises at the commencement of the action.
The keys to premises are a symbol of possession. When a tenant upon relinquishing possession returns the keys, this as a general rule, constitutes an act evidencing an intent to offer a 'surrender. (-2 Rasoh, New York Landlord and Tenant [2d ed.], § 869.) However, if the keys are not surrendered this fact alone is not conclusive that the premises have not been surrendered. Petitioner has submitted no case, nor has this court found any case which indicates that unless tenant surrenders the keys to the premises that fact in itself, no matter what other evidence, constitutes physical possession.
The possession necessary to sustain jurisdiction is physical possession not the legal right of possession. (Sarafian v. Wool Bros. Corp., 75 Misc 2d 355.) There is no evidence which shows that petitioner could not at all times subsequent to May, 1974, have taken complete possession of the premises without need of this proceeding (Matter of Wythe v. White, 150 Misc. 405).
Petitioner’s argument concerning a surrender and an acceptance has no application to this suit. To have a surrender and acceptance there must be coupled with the tenant’s relinquishment of possession a resumption of possession by the landlord for the landlord’s benefit. This results then in a surrender by operation of law and the tenant’s term is terminated and the •tenant will not be held for accruing rents. (2 Rasch, New York Landlord and Tenant [2d ed.], § 870.) Here the issue is jurisdiction. If this court has no jurisdiction, this is not fatal to the landlord’s rights. The petitioner may become a plaintiff and the defendant tenant may well have to answer in money damages for its willful default under its lease contract, if the evidence supports the claim.
In the case before me the facts show no physical possession by the respondents at the time these proceedings were commenced. Further, there is no assertion by the respondents of a right to possession. Therefore, the petition is jurisdictionally defective. (Radlog Realty Corp. v. Geiger, 254 App. Div. 352.)
Accordingly, the petition is dismissed.