OPINION OF THE COURT
David B. Saxe, J.
The issue that I must resolve in this landlord-tenant proceeding is as follows: May a landlord maintain a summary proceeding where the tenant never actually took occupancy of the leased premises, but received an executed copy of the lease as well as a set of keys?
The essential facts are as follows: On December 22,1982, Sion Setton, vice-president of respondent tenant Baronelli, Ltd., entered into a five-year commercial lease agreement with petitioner landlord Fay Fishel, of Our Darling Realty Co., for space at 627 Broadway. At the time of the signing, Setton received from Fishel a fully executed copy of the lease, and shortly thereafter, a set of keys to the premises. Baronelli then made an initial payment of $8,112.50, representing a $3,112.50 payment for the first month’s rent plus a $5,000 security deposit. Approximately two weeks later, the respondent notified Fishel that the premises were unsuitable for its púrposes and that it would be impracticable for it to conduct business out of this newly leased space. Upon learning of the lessee’s intent not to occupy the premises, Fay Fishel informed Baronelli that *626 efforts to find another tenant would .be undertaken and that Baronelli would be released of all its rental obligations if such efforts were successful. A few days later, a potential tenant was found — one willing to pay a higher rent than the rate provided for in the Baronelli lease. However, when Ms. Fishel requested that Setton return the keys and terminate the lease to accommodate the new tenant, Setton conditioned his consent upon being refunded at least half of the month’s rent he initially paid. As a result of Baronelli’s refusal to comply with Fishel’s request no agreement was ever concluded for the premises between Fishel and the potential tenant. The premises have since remained unoccupied, despite Fay Fishel’s alleged good-faith efforts to relet them. This summary proceeding was thereafter commenced.
Possession is a jurisdictional predicate to the maintenance of a summary proceeding. The party sought to be removed must either be in actual or constructive possession, or at least must claim the right to possession at the commencement of the proceeding. (2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 1196; Radlog Realty Corp. v Geiger, 254 App Div 352; RPAPL 741.) The respondent tenant contends, in accord with this general rule, that since it never actually took possession of the premises, there was no basis for this summary proceeding. (RPAPL 701; CCA 204.)
In cases where certain acts constitute possession for purposes of instituting summary proceedings, the rule is that “as soon as the lease is made and delivered to a tenant, he acquires legal right to possession and he may or may not occupy the demised premises, as he pleases, but in any event, he must pay the rent which is the purchase price for the estate and land thus acquired * * * ‘Liability * * * arises from the acceptance of the lease.’ ” (59 Madison Ave. Corp. v Bauer, 15 Misc 2d 780, 781.)
I hold that where a fully executed copy of the lease was delivered to the tenant, accompanied by the keys, the fact that actual occupancy was not taken is immaterial. The tenant enjoyed legal possession based upon the theory that a lease, when duly delivered to a tenant, grants the tenant a legal right to possession. (Becar v Flues, 64 NY 518, 520.)
*627 It is significant that respondent refused to deliver the keys he had previously received from the petitioner. Traditionally, keys are considered to be a symbol of possession. Thus, when a tenant upon relinquishing possession returns the keys, this constitutes an act evidencing an intent to offer a surrender. (First Nat. City Bank v Wall St. Leasing Corp., 80 Misc 2d 707; 2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 869.)
Baronelli’s refusal to return the keys and terminate the lease certainly does not indicate an intent to “yield up an interest in the leasehold.” (2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], §§ 867, 868.) Thus, there was no surrender and acceptance of the leasehold.
I hold that Baronelli was in lawful possession of the leased premises and that this court has summary jurisdiction to recover possession and remove the tenants. (RPAPL 701, subd 1.)
The defense that this court is without subject matter jurisdiction to entertain this action as a summary proceeding is without merit and the respondent’s motion to vacate the default judgment is denied.