OPINION OF THE COURT
Louis B. York, J.
The petitioner moves for summary judgment or in the alternative for an order striking respondent’s jury demand and striking and/or severing the first and second counter *587 claims based on failure to repair the demised premises and business losses as interposed by respondent.
The petitioner, in addition to being the owner and landlord of the subject premises, previously operated a dry cleaning store that he sold to respondent. The respondents purchased both petitioner’s business and entered into a lease for the demised premises for a period of 10 years commencing September 1,1987 and expiring on August 31, 1997. The purchase price was $355,000 with $180,000 paid in cash and the balance of the purchase price of $175,000 to be paid in 60 equal monthly installments each in the sum of $3,080.84 pursuant to promissory notes.
Both a security agreement and promissory notes were executed in the sale of the business with a provision in the lease that failure to pay the note would constitute a default in the terms of the lease. The lease also provides that in the event the premises are totally damaged by fire and rendered unusable by the tenant, the landlord has the responsibility to make the repairs and the tenant will again pay rent after five days’ notice of the repair.
In November 1988 a fire occurred on the premises that destroyed the interior of the premises to the point where the respondent could not continue to conduct his business and no longer continue in possession. The premises cannot be possessed by either party in its present condition. Since the fire, the respondent has not paid rent or any of the payments due under the promissory note.
The petitioner admits that this action is not commenced as a nonpayment proceeding nor has any default been triggered as a result of the failure to pay such rent, but rather as a result of respondent failing to meet his obligations under his promissory note. In essence, the petitioner seeks to enforce a promissory note that was merged with the lease agreement.
To the extent that the failure to pay the promissory note under the lease agreement was a breach of the terms of the lease agreement, this court will not entertain the action by way of summary proceedings because the action does not satisfy any of the statutory requirements under RPAPL 701 et seq. which was intended to provide a landlord with a simple, expeditious and inexpensive way of regaining possession of his property, not collection of what is allegedly owed to him under promissory notes. (See also, RPAPL 711.)
The petitioner/landlord in First Natl. City Bank v Wall St. *588 Leasing Corp. (80 Misc 2d 707 [Civ Ct, NY County 1974]) brought a summary proceeding against a tenant who was no longer in possession of the demised premises. The petitioner’s witness admitted that prior to the commencement of the action he visited the subject premises and saw no furniture, no desks or other personal property of the respondents. The court held (supra, 80 Misc 2d, at 709) that it lacked jurisdiction and held that, "[t]he possession necessary to sustain jurisdiction is physical possession not the legal right of possession. (Sarafian v. Wool Bros. Corp., 75 Misc 2d 355.) There is no evidence which shows that petitioner could not at all times subsequent to May, 1974, have taken complete possession of the premises without need of this proceeding (Matter of Wythe v. White, 150 Misc. 405).”
The court in Fishel v Baronelli, Ltd. (119 Misc 2d 625 [Civ Ct, NY County 1983]) was faced with a situation where the tenant never took possession but received an executed copy of the lease as well as a set of keys. The tenant in Fishel informed the landlord that the premises were unsuitable for it to conduct business. The landlord told the tenant that he would be released of all his rental obligations if another tenant was secured. The landlord was able to interest another tenant to rent the premises at a higher rate of rent. The original tenant, however, refused to return the keys or terminate the lease unless he was refunded at least one half of the original month’s rent he initially paid. The landlord then sued and the court, upon this set of facts, found that the court did have jurisdiction because the tenant acquired the legal right to possession and never surrendered the leasehold when he refused to return the keys to the landlord and terminate the leasehold. (Fishel v Baronelli, Ltd., 119 Misc 2d 625, 626, supra.)
This court need not reconcile the apparent inconsistencies in the legal conclusions reached in First Natl. City Bank (supra) or Fishel (supra). In the present matter, the tenant is neither in physical possession as in First Natl. City Bank (supra) nor does he have a present right to possession, as in Fishel (supra), or obligation to pay rent. At best, the tenant has a potential right to possession under his lease once the premises are in usable condition and an obligation to pay rent within five days of his notification that the premises are in usable condition. (Lease para 9.)
There being no physical possession (First Natl. City Bank v Wall St. Leasing Corp., supra) and no present right of posses *589 sion (Fishel v Baronelli, Ltd., supra), the petition is dismissed because the court lacks jurisdiction to entertain this matter as a summary proceeding. (RPAPL 701 et seg.) This dismissal is without prejudice to petitioner’s right to bring any other appropriate action available to him. Respondent’s counterclaims are severed.