■ KENNETH BOYAR, Appellant, v MARTIN GOODMAN et al., Respondents. [609 NYS2d 279] —In an action, *inter alia,* to recover damages for wrongful eviction and tortious interference with a business relationship, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated January 13, 1992, as granted the defendants' motion for summary judgment dismissing those causes of action asserted in the complaint based on wrongful eviction and tortious interference with business relations.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff leased premises from Harold Goodman which he subsequently subleased to two subtenants. After Harold Goodman's death in 1989, the plaintiff discovered that Harold Goodman had only possessed a life estate in the premises. The defendants, as the remaindermen, served notices to quit pursuant to Real Property Law § 228 on the plaintiff and the subtenants. The subtenants, fearing eviction, began paying rent directly to the defendants.

The plaintiff then commenced this action, *inter alia,* to recover damages for wrongful eviction. The defendants moved, *inter alia,* for summary judgment dismissing the complaint and the Supreme Court granted that branch of the defendants' motion. The plaintiff now appeals, arguing that because the defendants failed to bring a summary proceeding against

him, his interest in the property was never extinguished, and he was therefore wrongfully kept out of the premises.

We find no merit to the plaintiff's contentions. Upon the death of Harold Goodman, the life tenant, the plaintiff's lease and his right to possession of the premises terminated *(see, Matter of O'Donnell,* 240 NY 99; *Williams v Alt,* 226 NY 283). The plaintiff then became a tenant at sufferance, which tenancy was terminated by the notice to quit *(see,* Real Property Law § 228; *Tunick v Federal Food Stores,* 117 Misc 329; *Haberman v Wager,* 73 Misc 2d 732; 74 NY Jur 2d, Landlord and Tenant, § 819). By paying rent directly to the defendants, the subtenants attorned to the landlord, which in effect ousted the plaintiff and reinstated possession under the defendants *(see, Matter of O'Donnell, supra; Ripple's of Clearview v Le Harve Assocs.,* 88 AD2d 120). Because the plaintiff was no longer in physical possession of the property and did not have a right to possession of the property, neither a summary proceeding nor an action in ejectment was necessary *(see, Katz v Grifa,* 156 Misc 2d 203; *Yoon Ku Kim v 1299 Nu-Brite Cleaners,* 145 Misc 2d 586).

Moreover, we find that the defendants' supplemental record was properly filed, as it contained papers which were before the Supreme Court on the motion for summary judgment and were considered by the Supreme Court in its decision and order granting summary judgment to the defendants *(see,* CPLR 5526; *2001 Real Estate; Space Catalyst v Campeau Corp.,* 148 AD2d 315).

The plaintiff's remaining contentions are without merit. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.