OPINION OF THE COURT
Scott Fairgrieve, J.
*437 Issues
Did the landlord’s delay in commencing this summary proceeding for over a year after the expiration of the three-year lease create a tenancy by sufferance, which would then require a notice to quit to be served upon respondent as a condition precedent to a summary proceeding?
Facts
The petitioner North Shore Community Services, Inc. commenced this holdover proceeding against the respondent Jerome Lehrfeld, M.D. and the undertenants Jeffrey M. Caruso, D.O. and Lehrfeld M.D. and Caruso D.O. LLP. The subject premises is a medical office located at 797 Merrick Avenue, East Meadow, New York, consisting of 1,969 square feet.
Substantial back rent of $112,354 is allegedly owed together with fair value of use and occupancy from November 1, 2002 to present. Attorney’s fees of $5,000 are also claimed.
Paragraph 3 of the petition states that petitioner is the prime tenant which rented the subject premises to respondents as subtenants for a term of three years, commencing on December 1, 1999 and expiring on November 20, 2002. Respondents continue in occupancy and petitioner now seeks possession.
This summary proceeding was commenced on November 26, 2003.
Respondents have moved pursuant to CPLR 404 and 3211 (a) (7) for an order dismissing the petition on the grounds that it fails to state a claim upon which relief can be granted.
Respondents contend that since an inordinate period of time elapsed between the end of the lease (Nov. 1, 2002) and the commencement of this holdover proceeding, a 30-day predicate notice is required to terminate the possession by respondents. Thus, respondents contend that notice pursuant to Real Property Law § 232-b is required.
Petitioner contends that no 30-day notice pursuant to Real Property Law § 232-b is required because no rent was collected by petitioner which would cause the respondents to be considered month-to-month tenants. Petitioner cites Matter of Jaroslow v Lehigh Val. R.R. Co. (23 NY2d 991 [1969]) for the proposition that without the acceptance of rent by landlord no holdover tenancy was created and thus no notice is required.
*438 Decision of Court
The law is well settled that a landlord is not required to serve a predicate notice upon a tenant at the expiration of a lease in order to maintain a summary holdover proceeding. (See, Adams v City of Cohoes, 127 NY 175 [1891]; Yettaben Realty v Hae Sook Nam, NYLJ, Dec. 8, 1999, at 26, col 1 [App Term, 1st Dept]; Palumbo v Donalds, 194 Misc 2d 675 [Civ Ct, Kings County 2003].)
However, the foregoing principle of law has no application to a situation where the extensive delay of the landlord in bringing a holdover proceeding creates a tenancy by sufferance. (See, Rowan v Lytle, 11 Wend 616 [Sup Ct 1834] [wherein the court indicates that a holding over by a tenant for a lengthy period may create a tenancy by sufferance requiring a notice to quit].) In Rowan (supra), the court held that a tenancy by sufferance was not created where the landlord waited 3 months and 12 days before initiating summary proceedings and where the landlord attempted to obtain possession without recourse to legal proceedings.
In 2 Daniel Finkelstein and Lucas A. Ferrara, Landlord and Tenant Practice in New York § 15:95, the following appears:
“Even when no rent is accepted, tenants and/or subtenants who remain in possession of the premises after the expiration of the prime lease may be deemed ‘tenants-at-sufferance’ as a result of a landlords inaction or delay in effecting an eviction. N.Y. Real Prop. Law § 228 requires the service of a written thirty day notice of termination upon such occupants prior to a proceeding’s commencement.”
A tenancy by sufferance is created by the laches of the landlord. (See, Roberts v Eastman, 134 Misc 677 [Tioga County Ct 1929].)
In Peerless Sugar Co. v 35 Steuben St. Realty Corp. (66 NYS2d 839, 844-845 [Sup Ct, Kings County 1946]), the court stated that a tenancy by sufferance may be created by the following:
“For the purpose of regulating the rights of the parties, and giving the statute in regard to notice to quit a fair construction, the law permits the landlord to proceed upon the original default in holding over, without giving the one month’s notice required to institute proceedings against a tenant by sufferance, unless the landlord permitted the tenancy to continue for such a length of time as to impress upon *439 the relation the new title of tenancy at sufferance; but a delay to be called laches sufficient to impress this new relation ought to be of longer continuance than three months and should be accompanied by some evidence of negligence. McAdam on Landlord and Tenant, Sec. 39, p. 132; see, also, Adams v City of Cohoes, 127 N.Y. 175, 183, 184, 28 N.E. 25, 27.”
Thus, a failure by a landlord to give at least 30 days’ notice to a tenant by sufferance requires a dismissal of the summary proceeding. See 2 Robert F. Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 30:39 (4th ed), wherein Judge Dolan writes: “A landlord who has failed to give the statutory notice to quit cannot maintain summary proceedings to remove a tenant by sufferance as a holdover.”
Furthermore, if a tenancy by sufferance is created, then termination must be accomplished as required by Real Property Law § 228 which states:
“A tenancy at will or by sufferance, however created, may be terminated by a written notice of not less than thirty days given in behalf of the landlord, to the tenant, requiring him to remove from the premises; which notice must be served, either by delivering to the tenant or to a person of suitable age and discretion, residing upon the premises, or if neither the tenant nor such a person can be found, by affixing it upon a conspicuous part of the premises, where it may be conveniently read. At the expiration of thirty days after the service of such notice, the landlord may re-enter, maintain an action to recover possession, or proceed, in the manner prescribed by law, to remove the tenant, without further or other notice to quit.”
This court holds that a tenancy by sufferance was created by the laches of petitioner in commencing the summary proceedings because over a year elapsed between the end of the lease and the time summary proceedings were started. Under these circumstances, the petition is hereby dismissed without prejudice to renew upon the proper service of a notice of termination as required by Real Property Law § 228.