11114 101 Ave Corp. v Ramlogan (2025 NY Slip Op 25171)

[*1]

11114 101 Ave Corp. v Ramlogan

2025 NY Slip Op 25171

Decided on July 28, 2025

Civil Court Of The City Of New York, Queens County

Kagan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 28, 2025
Civil Court of the City of New York, Queens County

11114 101 Ave Corp., Petitioner

against
Mike Ramlogan, SIRI KRISHNA CAITANYA, MANDIR INC., & XYZ CORP., Respondents

Index No. LT-300756-25/QU

Petitioner - 
Christos Pappas & Associates PLLC 
152-53 10th Ave, Suite 203
Whitestone, New York 11357 
(718) 229-5390 
[email protected]
Respondent -
Igbokwe PLLC 
28 Liberty Street, 6th Floor
New York, New York 10005 
(347) 467-4674 ext: 103 
[email protected]

Mark Kagan, J.

The respondents have moved pursuant to CPLR §3211 seeking to dismiss the petition on the grounds it fails to state any cause of action. The petitioner has opposed the motion. The parties have submitted papers and arguments were held. After reviewing all the arguments the court now makes the following determination.
According to the petition the respondent Mike Ramlogan owned premises located at 111-14 101st Avenue in South Richmond Hill. The ground floor was used as a Hare Krishna Mandir (Temple) and this action only concerns the ground floor. On September 19, 2017 a judgement of foreclosure and sale was entered concerning the above noted property and the property was ultimately purchased by the petitioner in November 2020. The petition states that pursuant to Real Property Law §228 and RPAPL §711(1) the respondents were tenants at sufferance and were served with a notice of termination on October 15, 2024 indicating they were required to vacate the premises by November 30, 2024. The respondent's failed to vacate on that date and this action was commenced. The respondent's now move seeking to dismiss the petition. They assert that there is no landlord tenant relationship between the parties and that consequently RPAPL §711(1) the title of which states that it pertains to "grounds where landlord-tenant relationships exists" is wholly inapplicable. Therefore, the petition fails to state any action and must be dismissed. The petitioner argues the petition validly pleads grounds for this proceeding and the motion should be denied.
 Conclusions of Law
It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint or petition as true, whether the party can succeed upon any reasonable view of those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint or the petition are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc., v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint or the petition will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).
A tenancy at sufferance exists where a person once maintained a valid possessory interest in property who then wrongfully continues in possession after the termination of the interest (City of New York v. Utsey, 185 Misc 2d 715, 714 NYS2d 410 [Appellate Term Second 2000]). As one early commentator observed "a tenant at sufferance is he that first came in by lawful demise, and after his estate ended, continueth in possession and wrongfully holdeth over" (see, Coke on Littleton 57b). Therefore, anyone who once maintained a valid lease that remains in possession when the lease expires is a tenant at sufferance (see, MH Residential 1 LLC v. Barrett, 78 AD3d 99, 908 NYS2d 6 [1st Dept., 2010]). In addition, to create a tenancy at sufferance there must be a delay by the owner seeking recovery of the premises (Mastas v. Extra Closet Inc., 146 Misc 2d 698, 553 NYS2d 582 [Civil Court Kings County 1990]). The dearth of cases that actually discuss this legal expedient is due to the fact that delay or laches on the part of the landlord is a necessary component establishing a tenant at sufferance (Peerless Sugar [*2]Company v. 35 Steuben Street Realty Corp., 66 NYS2d 839 [Supreme Court Kings County 1946]). Indeed, the delay of the landlord is viewed as an assent by the landlord to the continued occupation by the tenant requiring a thirty day notice pursuant to Real Property Law §228 (Smith v. Littlefield, 51 NY 539, 6 Sickles 539 [1873]). In any event, the distinction between a holdover tenant who generally was not required to receive any notice prior to summary proceedings (see, North Shore Community Services Inc. v. Lehrfeld, 3 Misc 3d 436, 776 NYS2d 739 [District Court Nassau County 2004]) and a tenant at sufferance who must receive such notice has largely been abrogated by the passage of the Housing Stability and Tenant Protection Act of 2019. Specifically, Real Property Law §232-a now requires service of a notice prior to the commencement of summary proceedings against any tenant. Thus, any tenancy at sufferance created by the landlord's delay, in residential settings, no longer affords any greater rights to the actual tenant.
The uniformity of these notification requirements is absent in the commercial setting. Indeed, Real Property Law §232-a specifically carved out an exception to the new notice requirements for tenancies "other than a residential tenancy" (id). Thus, a notice would not be required upon the swift efforts of a landlord seeking the tenant's removal upon the termination of a lease. However, any laches occasioned by the landlord's delay, which would create a tenancy at sufferance, would require a notice of termination prior to the commencement of summary proceedings. In this regard, RPL §228 states that "a tenancy at will or by sufferance, however created, may be terminated by a written notice of not less than thirty days given in behalf of the landlord, to the tenant, requiring him to remove from the premises . . . At the expiration of thirty days after the service of such notice, the landlord may re-enter, maintain an action to recover possession, or proceed, in the manner prescribed by law, to remove the tenant, without further or other notice to quit" (id).
In this case, the respondents were the owners of the premises who lost the property in foreclosure. They never maintained a relationship with the petitioner and surely had no lease with them. None of these impediments prevent the creation of a tenancy at sufferance. A tenancy at sufferance does not require any prior relationship between the parties at all. For example, a tenant at sufferance can exist when a subtenant remains in possession after the prime tenancy has been terminated (2601-2609 Bainbridge Ave. LLC v. Algernon, 82 Nisc3d 1208(A), 204 NYS3d 926 [Civil Court Bronx County 2024]). Additionally, a sublease who maintained a lease with someone who only maintained a life estate was considered a tenant at sufferance upon the death of the life tenant (Boyar v. Goodman, 202 AD2d 541, 609 NYS2d 279 [2d Dept., 1994]). Therefore, the remaindermen were required to serve a notice to quit (id, see, also, Livingston v. Tanner, 14 NY 64, 4 Kern. 64 [1856]). The respondents argue they are not tenants at sufferance because "a tenancy by sufferance cannot be created where there was never a landlord-tenant relationship to begin with" (see, Affirmation in Support of Motion, 39 [NYSCEF Doc. # 8]). However, there can be little argument that no such relationship is in fact required. Rather, "a tenancy at sufferance arises at common law when an occupant continues in possession after a possessory interest terminates and the occupant has no privity to the party entitled to possession" (4720 Avenue Inc. v. Harley House, 81 Misc 3d 139(A), 202 NYS3d 63 [Appellate Term Second Department 2023]). The facts of this case precisely fit within that definition since they remained in possession when their rights to do so terminated. Surely, at this juncture there [*3]can be no conclusion the respondents cannot be classified as tenants at sufferance as a matter of law.
The petitioner in this case served a notice pursuant to RPL §228, the statute specifically designated for ending a tenancy at sufferance (Pondview Corp. v. Russand Inc., 10 Misc 3d 1054(A), 809 NYS2d 483 [Supreme Court Rockland County 2005]). That notice stated that if the respondents failed to vacate the premises by the specified date then "a summary proceeding under Article 7 of the Real Property Actions and Proceedings Law to remove you therefrom will be commenced" (see, Thirty Day Notice of Termination of Tenancy at Sufferance [NYSCEF Doc. No. 1]).
The respondents next argue the petition must be dismissed because the petition impermissibly based its relief upon RPAPL §711(1) which only applies when a landlord-tenant relationship exists and clearly no such relationship exists in this case. However, the relief in this case flows through RPL §228, the specific statute enacted to deal with tenancies at sufferance and not RPAPL §711(1). Indeed, the practice commentaries to RPL §228 state that RPL §228 "is applicable where laches acts to bar the more common RPAPL §711(1) holdover proceedings or where there is no agreement between the parties to pay rent" (see, 2018 Practice Commentaries to RPL §228]). The mere inclusion of RPAPL §711(1) within the petition is simply excess verbiage that cannot demand dismissal of the entire action. This is particularly true where the notice of termination sent to the respondents did not include the specific section of the Real Property Actions and Proceedings Law at all and simply referenced an action pursuant to "Article 7" (supra). The fact the relief sought is actually pursuant to RPL §228 does not render the entire petition improper. As the court observed in Youssef v. Triboro Bridge and Tunnel Authority, 24 AD3d 661, 808 NYS2d 362 [2d Dept., 2005] "pleadings should be liberally construed and defects ignored unless a substantial right is prejudiced" (id). Therefore, the mere citation to a wrong statute within a pleading is not grounds for dismissal as long as the party is made aware of the specific causes of action that are pled (id). The petition in this case overwhelmingly afforded the respondents with notice of the claims as well as the basis for the relief sought. The reference to RPAPL §711(1) does not render the petition defective in any way at all.
Therefore, based on the foregoing, the motion seeking to dismiss the petition is denied. 
The matter is now scheduled for a conference at 10:00 am on August 25, 2025 in Part 52.
So ordered.
Dated: July 28, 2025
Jamaica NY
Hon. Mark Kagan, JCC