## WARRIN v. HAVERTY.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

1. LANDLORD AND TENANT (§ 308*)—SUMMARY PROCEEDINGS—SUFFICIENCY OF EVIDENCE—POSSESSION BY TENANT.

Evidence, in summary proceedings to dispossess a tenant, *held* to show that the tenant was not in possession, holding over, when the proceeding was brought.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1314–1316; Dec. Dig. § 308.*]

2. LANDLORD AND TENANT (§ 301*)—SUMMARY PROCEEDINGS—POSSESSION BY TENANT—NECESSITY.

In view of Code Civ. Proc. § 2231, providing that a tenant may be removed where he holds over and continues in possession after the expiration of his term or default in payment of rent, etc., a tenant must be in possession in order to give jurisdiction to make a final order of dispossession in summary proceedings.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1295–1297; Dec. Dig. § 301.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Appellate Term.

Summary proceeding by Marshall L. Warrin against Catherine Haverty, as administratrix, etc. From a determination of the Appellate Term affirming a final order of dispossession of the Municipal Court, the tenant appeals. Reversed, and proceeding dismissed.

See, also, 146 App. Div. 937, 131 N. Y. Supp. 1149.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

John W. Browne, for appellant.

Henry De Forest Baldwin (Allen Evarts Foster, on the brief), for respondent.

LAUGHLIN, J. The lease under which the proceedings to dispossess the tenant was instituted was made on the 1st day of March, 1906, between the plaintiff and one James T. Haverty, since deceased, and was for the use of the building known as 150 East Thirty-Ninth street, with the appurtenances, for the term of three years from May 1, 1906, at an annual rental of $2,500, payable in equal monthly installments, in advance, on the 1st day of each month; and on the 16th day of September, 1907, by an indorsement on the lease duly made by the parties, the term was extended to May 1, 1912, at an annual rental of $2,600, the other conditions remaining the same. The tenant died on the 28th day of January, 1909, and the defendant was duly appointed his administratrix on the 4th day of February, 1909. The occupation of the premises by the tenant was through a subtenant, Samuel Parker & Sons, who used them as a stable. It appears that a notice in writing that the building had been reported "as unsafe and dangerous" owing to the fact that "the rear wall is badly bulged and out of plumb, the brickwork of front is cracked, and part of easterly wall at second story broken and loose," was given by the superintendent of buildings, for the borough of Manhattan, to the owner on the 29th day of April, 1910, and to the subtenant on the 28th day of April, 1910, and they were required to make the building safe as specified in the notice, which necessitated the removal of part of the walls, and they were also notified that upon their failure to immediately certify their assent or refusal "to secure or remove said building" a survey would be ordered as required by law, and the expense thereof would become a lien on the premises.

The defendant testified that she also received a like notice from the Bureau of Buildings, and that she mailed it to the plaintiff's agents. On the 5th day of May, 1910, the agents of the owner reported to him that the attorney for the tenant had notified them that his client had abandoned the premises in consequence of their dangerous condition, as shown by the orders from the different municipal departments, copies of which were inclosed—it does not otherwise appear what they were—and that they had insisted that the lease required the tenant to comply with such orders. On the next day the landlord made a demand on the tenant in writing that she comply with said orders, and gave her notice that he denied her right to surrender the property and declined to accept any surrender there-

of. The subtenant had removed from the premises on the 1st day of May, 1910; but the cause of removal is not otherwise shown. It appears that there were keys to the building, and that they came into the possession of the plaintiff's agents, who it is conceded had them in the month of June, 1910; but the evidence does not show definitely from whom or when they were received. It appears that the premises remained vacant after the subtenant removed, and that a fence was erected about the entrance or office door and the doors barred; but the exact time when this was done or by whom was not shown. Neither the owner, nor the subtenant, nor the tenant accepted the notice of the superintendent of buildings, or agreed to do the work as required by the notice, and said superintendent gave a further notice in accordance with law that a survey would be made on the 13th day of May, 1910, and that the report of the survey would be presented to the court on the 14th day of May for a hearing with respect to the facts. It was found by the survey that the building was unsafe and dangerous, and a notice to that effect was posted thereon, and it was adjudged by the court on the 14th day of May, 1910, that the building was unsafe and dangerous, and that the rear wall was bulged, out of plumb, and liable to collapse, and that portions of the brickwork of the front and east walls and chimneys were cracked and defective, and it was ordered that a precept be issued to the superintendent of buildings requiring him, forthwith, to make the building safe by removing all of the rear wall and all defective parts of the front and east walls and chimneys, and by rebuilding the same and by shoring and bracing.

The work thus required was performed by a contractor employed by the owner, and the evidence shows that the keys were delivered to the workmen, and that the work cost upwards of $1,400. Early in May the agents demanded rent of the tenant for that month, but she declined to pay it. The matter was then placed in the hands of the attorneys for the plaintiff, who early in the fall brought an action to recover the rent down to October 1st. There appears to have been no further demand of the tenant for payment for rent, or claim made that she was still in possession, until on or about the 26th day of November thereafter, when she received a notice from the plaintiff claiming that she was indebted to him for rent from May 1st to November 30th, and requiring payment of the same or surrender of the premises within three days. She answered this in writing on November 30th, denying that she was indebted to the plaintiff, and stating that with the exception of a summons and complaint served on her the 24th day of September, 1910—the action to recover rent—this was the first time any claim or demand had been made on her for rent of the premises, which, she asserted, had been in the possession of the plaintiff since May, when she surrendered them; and she also asserted that she had surrendered the premises on account of the fact that they had become dangerous and unsafe, and that the surrender had been accepted. On or about the 1st day of December, 1910, a personal demand was made on the defendant for the payment of the rent from May 1st to December 1st, and this proceeding was

then instituted. In the petition the landlord alleged that the tenant held over and continued in possession of the premises. The tenant by answer denied that she was in possession, and alleged that she surrendered the possession, as already stated, on or about the 1st day of May, 1910, and that the landlord had accepted the surrender, and further pleaded that the court was without jurisdiction.

[1, 2] We are of opinion that the court was without jurisdiction to make the order, for the uncontroverted evidence shows that the tenant was not in possession at the time the proceeding was instituted, and was not holding over or claiming any rights as a tenant of the premises. It is essential to the jurisdiction of the court to entertain a summary proceeding, and to make a final order therein, that the tenant should be in possession. Code Civ. Proc. § 2231; Brown v. Mayor, 66 N. Y. 385; Ash v. Purnell, 11 N. Y. Supp. 54; Gallagher v. Reilly, 10 N. Y. Supp. 536; Boehm v. Rich, 13 Daly, 62. The adjudication would be conclusive against the tenant that she held over and remained in possession, in the action by the landlord for the rent (Prince v. Schlesinger, 116 App. Div. 502, 101 N. Y. Supp. 1031; Grafton v. Brigham, 70 Hun, 134, 24 N. Y. Supp. 54), and that appears to be the only object of the proceeding. A marshal or other officer of the court could give plaintiff nothing under the final order, for the premises were wholly vacant and plaintiff had the keys. It is not necessary to decide whether the tenant was justified in removing from the premises on the theory that there was a constructive eviction, or whether the landlord accepted the surrender, for, since it clearly appears that the tenant was not in possession, the summary proceedings cannot be sustained.

It follows that the determination of the Appellate Term should be reversed, with costs to the appellant, and the final order should be reversed and the proceeding dismissed, with costs to appellant. All concur.