BRONX PARKWAY COMMISSION, Landlord–Appellant, *v.* F. WILLIAM SCHWIERS, INC., Tenant–Respondent.

(Supreme Court, Appellate Term, First Department, November, 1918.)

Summary proceedings — institution of, upon expiration of lease — when final order in summary proceedings granted to petitioner — landlord and tenant — when corporation estopped denying that it was in possession at making of lease — evidence.

A corporation after leasing to S. a portion of certain premises, conveyed the fee to " F. Wm. Schwiers & Sons," a corporation, and subsequently said grantee conveyed the property to " F. Wm. Schwiers, Inc." In a condemnation proceeding instituted several years thereafter, S. was not made a party because his lease was not recorded. When the petitioner in that proceeding acquired the title a few months later " F. Wm. Schwiers, Inc.," was in possession through its tenant S., who occupied the premises until the owner leased them to " F. Wm. Schwiers, Inc.," under a lease reciting that said lessee was then in possession. In summary proceedings instituted upon the

expiration of the lease, the corporation was named as the only tenant. *Held,* that a final order awarding possession of the premises to S., who had intervened, should be reversed and a final order granted in favor of the petitioner, to the same effect.

S., having signed the lease on behalf of "F. Wm. Schwiers, Inc.," as its officer, was estopped to deny his tenancy and to assert that the conventional relation of landlord and tenant did not exist as to him.

Where the proof showed that the physical facts of occupancy were the same when the summary proceeding was instituted as they were when the lease was made to "F. Wm. Schwiers, Inc.," the corporation was estopped to deny that it was in possession at the making of the lease; the continuance of the then existing condition continued the corporation as a tenant in possession when the summary proceeding was instituted.

Appeal by landlord from final order of the Municipal Court of the city of New York, borough of The Bronx, second district, which dismissed a petition in summary proceedings and awarded possession to an intervening claimant.

Theodosius F. Stevens (Theodosius F. Stevens and Robert C. Durland of counsel), for appellant.

Gescheidt & Toomey (Jeremiah D. Toomey, of counsel), for respondent.

Mullan, J.   The premises were originally owned by Land Associates, a corporation.  It leased a portion to one Schwiers (and another portion to another tenant who is not a party to this proceeding, and whose situation we shall not consider or again refer to).  Thereafter it conveyed the fee to F. Wm. Schwiers & Sons, a corporation, and thereby the tenant Schwiers became a tenant of the new owner.  Subsequently, in September, 1912, F. Wm. Schwiers & Sons conveyed the fee to F. Wm. Schwiers, Inc., and the tenant Schwiers thus became a tenant of F. Wm. Schwiers, Inc.  In

Appellate Term, First Department, November, 1918.    [Vol. 105.

December, 1915, the Bronx Parkway Commission (the landlord here) instituted a condemnation proceeding to acquire the title to the premises, and as the lease to Schwiers the individual was not on record he was not made a party.   On April 12, 1916, the Bronx Parkway Commission acquired title.   At that time F. Wm. Schwiers, Inc., was in possession through its tenant, Schwiers the individual.   The occupancy of the latter continued without molestation until May 13, 1916, on which day the commission leased the premises to F. Wm. Schwiers, Inc., the lease reciting that the lessee, F. Wm. Schwiers, Inc., was then in possession. Upon the expiration of that lease the commission instituted summary proceedings, naming as tenant only the corporation and not Schwiers the individual.   The latter, however, made himself a party to the proceeding by intervening.   The trial court refused to give possession to the landlord, and by the final order gave it to Schwiers the individual.

The corporation and Schwiers the individual contend here that the final order was correct for the reasons that though Schwiers the individual was in possession, he was not a tenant of the commission, and that though F. Wm. Schwiers, Inc., was a tenant of the commission, it was not in possession.

In *Commonwealth Mortgage Co.* v. *De Waltoff,* 135 App. Div. 33, it was held that a purchaser of real property in a foreclosure action '' acquires all the right, title and interest of the mortgagor, subject to such valid liens and incumbrances as have not been cut off by the foreclosure,'' and that he thus '' succeeding to all the title and rights of the original landlord, becomes the landlord (of the tenant in possession who was not made a party defendant in the foreclosure action) by operation of law, with all the rights and remedies of

the original landlord. The conventional relation of landlord and tenant is thus created,'' etc.   The court reaches this conclusion after referring to section 223 of the Real Property Law, and expressing doubt as to whether attornment has ever been necessary in this state to create the conventional relation of landlord and tenant between a lessee in possession and one who succeeds to the landlord's title.   The purchaser in foreclosure became, it was said, '' in legal effect the grantee of the reversion '' (the term employed in section 223 of the Real Property Law).   We think, therefore, that by analogy Schwiers the individual, as the lessee, in possession, of the corporation at the time of the transfer of title to the Bronx parkway commission, became, by operation of law, the tenant of the commission at the moment it took title.   We think, also, that Schwiers is estopped to deny his tenancy, as when F. Wm. Schwiers, Inc., executed the lease instrument on May 13, 1916, Schwiers signed it on behalf of the corporation as its officer.   How could he, a tenant in possession, take part in procuring a new tenancy for a corporation that was only a few days previously his own landlord, and that was stating in the lease to it that it was in possession, and yet be heard to say that he was not in as a tenant?   It is clear that he wanted to have the corporation in as a tenant so that he could be continued as a subtenant, and we shall not allow him to assert in these circumstances that the conventional relationship does not exist as to him.

As to the corporation, the case is even more plain. It expressly covenanted in the May thirteenth lease that it '' has been conducting upon the said premises its business as dealers in coal and other materials, and desires to continue thereon as a tenant of the party

of the first part (Bronx parkway commission) and an agreement has been reached between the parties hereto that the party of the second part (F. Wm. Schwiers, Inc.) may remain as a tenant of the party of the first part.'' It was proved that the physical facts of occupancy were the same when the summary proceeding was instituted as they were at the time of the making of the lease referred to. We think it follows that the corporation is estopped to deny that it was in possession on May 13, 1916, and that the continuance of the then existing condition continued it as a tenant in possession when the summary proceeding was. brought. The cases cited by the corporation (*Warrin* v. *Haverty,* 149 App. Div. 564; *Brown* v. *City of New York,* 66 N. Y. 385) holding that summary proceedings do not lie against a tenant not in possession have, therefore, no applicability.

The final order is reversed, with thirty dollars costs. in this court, and a final order is directed awarding to the petitioner the delivery of the possession of the premises, with costs to the petitioner.

GUY and BIJUR, JJ., concur.

Final order reversed, with costs.