Abthub Wachtel, J.
This is an action to recover the sum of $660 as damages for breach of a lease in writing dated July 18, 1956. The term of the lease was for a period of one year and three months to commence on August 1,1956, and to end October 31, 1957, at an annual rental of $1,980 payable in equal monthly installments of $165. Defendants entered into possession of the apartment and continued in possession until June 1, 1957, when they vacated same. The apartment remained vacant and *781 unoccupied for the balance of the term, to wit, until October 31, 1957. Defendants failed to pay the rent for the period from June 1, 1957, to October 31, 1957, totalling $825. Plaintiff credited the defendants with a security deposit made pursuant to the terms of the lease in the amount of $165, leaving the balance sued for, namely, $660. The lease, among other things, contained a provision prohibiting assignment or subletting without the prior written consent of the landlord. In their answer, the defendants ‘ ‘ admit breach of lease described in oral complaint ’’but ‘ ‘ deny any responsibility for damages by reason of such breach because of plaintiff’s wilful and deliberate refusal to accept a responsible and desirable tenant who was ready, able and willing to fulfill all terms and conditions of said lease after breach thereof by defendants.” Plaintiff moves, under rule 112 of the Buies of Civil Practice, for judgment on the ground that the defense is insufficient as a matter of law.
The motion is granted upon the authority of Becar v. Flues (64 N. Y. 518); Gray v. Kaufman Dairy & Ice Cream Co. (9 App. Div. 115, 119); Knabe & Co. Mfg. Co. v. Dinwiddie (116 N. Y. S. 716); Sancourt Realty Corp. v. Dowling (220 App. Div. 660). (And see 2 New York Law, Landlord & Tenant, § 799; 1 Rasch, Landlord and Tenant, §§ 32, 815; 5 Williston, Contracts [rev. ed.], § 1403.) The decisional law, as set forth in the aforestated cases is based upon the theory that as soon as the lease is made and delivered to a tenant, he acquires legal right to possession and he may or may not occupy the demised premises, as he pleases, but in any event, he must pay the rent which is the purchase price for the estate and the land thus acquired (Becar v. Flues, 64 N. Y. 518, 520, supra). Chief Judge Church, in Becar v. Flues (supra, p. 520) said that a lease is “ like the sale of specific personal property to be delivered. In such case the title passes to the vendee, and of course he is liable for the purchase-money.” 11 Liability for the rent,” said the court in Coutts v. Kraft & Bros. Co. (119 Misc. 260, 261, affd. 206 App. Div. 625) “ arises from the acceptance of the lease. It is of no moment whether the tenant in fact occupies the premises. ’ ’ (See 1 Rasch, Landlord & Tenant, § 32.) As Proskauer, J., said in Sancourt Realty Corp. v. Dowling (supra, p. 660) “ Bent is a fixed compensation for a vested interest. The contract, to that extent, is executed by the landlord, and the tenant’s obligation to pay rent as compensation for the estate is absolute.”
The tenants in this case seek to distinguish the facts in this case upon the ground that here the lease prohibited the tenant from assigning or subletting the premises without the prior consent of the landlord. They argue that 1 ‘ the tenant retains no *782 rights in the demised premises after abandonment and surrender to the landlord and can, therefore, not be held accountable for rent due under the lease. ’ ’ This presupposes a surrender which operates to relieve the tenant from his obligation to pay rent. No such defense is raised in the answer. The mere abandonment of the premises by tenant, per se, of course does not amount to a surrender and acceptance. No facts are alleged to support such defense.
It is true that under the lease the landlord has the option of reletting the premises, and in such case, could hold the tenant for any deficiency. However, this is not the same as saying that the landlord has a duty to relet and the lease specifically provides, “ The landlord shall in no event be liable in any way whatsoever for failure to relet the demised premises.” The lease makes no provision for any mandatory requirement to relet the premises by the landlord nor can the court impose such a duty. As the Appellate Term said in Knabe & Co. Mfg. Co. v. Dinwiddie (supra, p. 717): “ It is urged, in effect, that a positive duty rested upon it to do so, for the omission of which plaintiff is now precluded from pleading that it sustained damages. No such duty is imposed by the terms of the lease which are merely permissive. Such a clause in a lease is usual to preserve the landlord’s remedy against the tenant in case the former should elect to relet. Neither does such a doctrine appear to be the law. In a case surprisingly similar to the one at bar, Mr. Justice G-ildersleeve said: ‘ The plaintiff owed the defendant no duty to relet the premises.’ Clendinning v. Linder, 9 Misc. Rep. 683, 30 N. Y. Supp. 543.”
The usual obligation in the law of contracts to reduce damages has no application to a contract of leasing. (See 2 New York Law, Landlord & Tenant, § 799 and cases there cited; 5 Williston, Contracts [rev. ed.], § 1403.)
It would seem that where, as in the case at bar, the landlord has the option to relet the premises and hold the tenant for any deficiency, he would not be prejudiced where he has an opportunity to relet to a third person who is financially responsible and to whom the lease might reasonably be assigned. The answer to this, however, is that the tenant may insist upon a provision in the lease that the landlord’s consent to assignment or sublease may not be unreasonably withheld. Such a provision is not in the lease in the case at bar. Any further liberalization of the law is a matter for the Legislature.