Charles Gold, J.
This is a nonpayment summary proceeding.
The evidence during trial consisted of a stipulation on the record and the testimony of the landlord’s agent.
Stripped of all nonessentials, the facts are these. In January, 1969 the parties entered into a lease for various units in the *900 landlord’s building. The five-year term was to commence on June 1, 1969 and the lease provided that in the event certain of the units were not available on the commencement date, the total monthly rental would be ‘1 equitably abated ’ ’ with specific sums being allocated to each unit of space. Prior to June, the tenant actually moved into one of these units (under another provision of the lease which permitted earlier occupancy) and paid therefor the specific monthly rental of $750. In September the landlord notified the tenant that two other units, carrying together a monthly rental of $1,250 were available for occupancy ; however, tenant never actually occupied these units.
This dispute relates to the $2,000 monthly rental for these three units for the month of December, 1969 only. The tenant acknowledges that it did not pay this sum but contends that it was not in possession of these units at the time this proceeding was begun and thus, this being a summary proceeding, the court has no jurisdiction in the matter.
It is appropriate to note at this time that the parties stipulated that the tenant’s principal if called would testify that in June, 1969 tenant removed all its personal property from the unit it had earlier occupied, as above. But the landlord does not admit the truth of this assertion and objects thereto on the grounds of relevancy and competency. Moreover, it was established that the tenant never returned the keys to this unit.
In order that the court have jurisdiction in a summary proceeding it is required that the tenant be in “ possession ” of the premises on the date the proceeding is commenced. (Warrin v. Haverty, 149 App. Div. 564.) Upon the particular facts of this case, it is the court’s view that the tenant was in possession.
The law is clear that as soon as a lease is executed and delivered, the tenant becomes the owner of the premises for the term demised and acquires the right to possession as of the date of the commencement of the term. This is so even if by the terms of the lease possession is postponed or given at a later date. And, tenant may or may not occupy the premises as he pleases. Whether or not he chooses to occupy is of no moment to the question of his liability, for he is still required to pay the rental which is the purchase price for the estate in the land just acquired. (Becar v. Flues, 64 N. Y. 518; P & R Realty Corp. v. Hagel, 191 Misc. 732; 59 Madison Ave. Corp. v. Bauer, 15 Misc 2d 780; 1 Rasch, Landlord and Tenant and Summary Proceedings, §§ 32, 815.)
The holding in Warrin (supra) is not available to the tenant in this proceeding. In that case the court held that there was no possession because there had been a surrender by the tenant. *901 There has been no surrender by respondent in the proceeding now before this court. And, even if in fact the tenant abandoned the one unit which it had for some time admittedly occupied, this would not constitute a surrender and acceptance.* (69 Madison Ave. Corp. v. Bauer, supra.)
Since respondent did not surrender the unit it had occupied and since the other units were tendered, as required by the lease, it is deemed to be in possession of these units. Therefore, petitioner is entitled to recover the $2,000 rent demanded and upon failure to receive same, petitioner is entitled to a final judgment of possession.

 If the court were of the opinion that the testimony of tenant’s principal as to removal of the corporate property was crucial to the question of possession it would become necessary to take the sworn testimony of this witness in order to gauge its truthfulness. However, it is the court’s opinion that such facts at best furnish no intelligence as to the issue of possession and could only establish an abandonment by tenant.