Albert P. Williams, J.
This matter was tried before me without a jury. This is a summary proceeding for the nonpayment of rent. It is uncontradicted that on March 21, 1973 the respondent moved from the subject premises. It is also clear from the testimony in evidence in the case that the tenant had no right, at that time, to unilaterally terminate the lease. An issue of fact has been raised, however, as to whether under the circumstances arising subsequent to March 21 the lease has been terminated by the landlord coming into possession of the keys to the premises.
However, a jurisdictional objection has been raised as to whether the landlord may maintain this action. More speeifi *356 cally, the tenant claims it was out of possession at the time this special proceeding was commenced and therefore this court is without jurisdiction. The petitioner landlord argues that although the tenant may not have been in physical possession of the premises, the tenant has a right to possession which can and may be cut off in this summary proceeding and it is this legal right to possession which gives the court jurisdiction.
The law is well .settled that a landlord cannot maintain a summary proceeding to remove a tenant who is not in possession, nor claims possession, at the time the proceedings are commenced. The removal of a tenant prior to the commencement of the proceedings will deprive the court of jurisdiction to hear the summary proceeding. (Rasch, New York Landlord & Tenant: Summary Proceedings [2d ed.], § 1200.) The possession spoken of is not the legal right to possession but the physical possession. The Appellate Division, First Department, long ago spoke to the subject in the case of Warrin v. Haverty (149 App. Div. 564). In that case, just as this, the landlord denied any right in the tenant to .surrender the property and declined to accept any surrender thereof. The court in that case said (p. 567)1: “ We are of the opinion that the court was without jurisdiction to make the order, for the uncontroverted evidence shows that the tenant was not in possession at the time proceeding was instituted * * * or claiming any rights as a tenant of the premises. It is essential to the jurisdiction of the court to entertain a summary proceeding and to make a final order therein that the tenant should be in possession * * * A marshall or other officer of the court could give plaintiff nothing under the final order for the premises were wholly vacant and plaintiff had the keys.”
The case before me is not unlike the case of 21 West Forty-Sixth St. Corp. v. Latherizer Corp. (142 Misc. 487, 488) where the question was presented whether the proceeding would lie in view of the fact that the tenant “was physically out of possession when * * * proceedings were commenced and makes no claim of possession.” The court held that the proceedings would not lie. The court in that decision discussed section 1425 of the Civil Practice Act, from which section 741 of the Real Property Actions .and Proceedings Law is in part derived. The court observed that the language permitting a money judgment in a summary proceeding was not intended as a .substitute for the action to recover rent. It was intended merely to facilitate matters and to eliminate unnecessary litigation. It was not the intention, the court further observed, *357 to permit a special proceeding to be a substitute for an action for rent in a case where the jurisdictional facts for the maintenance of a summary proceeding are not shown to exist.
Therefore, it is not necessary to decide whether the landlord accepted the surrender, since it is clear that the tenant was not in possession and the summary proceedings cannot be sustained. (Warrin v. Haverty, 149 App. Div. 564, supra.)
Final order for respondent tenant dismissing the proceeding for want of jurisdiction without prejudice to an action by landlord for rent.