OPINION OF THE COURT
Martin Evans, J.
The petitioner, Thomas Ettinger, has brought this action pursuant to CPLR article 78 to review the order and determination of the New York State Division of Housing and Community Renewal (hereafter DHCR) issued August 29, 1986 under docket No. ARL 02628-L in which the petitioner as *413 prior owner of the building was directed to refund rent overcharges collected from September 7, 1979 through August 31, 1983.
The tenant and the prior owner had come to an agreement by which the rent stated in the lease would be reduced during the first year by $65 per month (the amounts of monthly reductions during successive leases were $89, $99, $80, $75 and no reduction during the last four years of ownership by petitioner), and in exchange for this reduction the tenant agreed to paint the apartment each year. This was memorialized each year that there was a reduction in a form letter sent to the tenant by the petitioner.
The DHCR’s finding of an overcharge was based on the premise that when the actual rent charged and paid in cash is less than the rent reserved in the lease, then the lawful stabilized rent is limited to the actual amount collected. The DHCR opinion further states that painting is the owner’s obligation and as such cannot be transferred to the tenant.
The function of the court in an article 78 proceeding is to determine if the acts of the administrative agency were arbitrary, illegal or capricious.
The stabilized rent for the ápartment involved in this petition was governed by section 2 (i) (A) (1) (b) of the former Code of the Rent Stabilization Association of New York City, Inc., which stated that the initial legal regulated rent "shall be the rent charged and paid on June 30, 1974”. The term "rent” is defined by the same Code in section 2 (j) as "[a]ny consideration demanded or received for, or in connection with the use and occupancy of dwelling units, including but not -limited to any bonus, benefit or gratuity.” The Rent Stabilization Code (9 NYCRR 2520 et seq.) for rent-stabilized apartments in New York City, effective May 1, 1987, sets forth in section 2520.6 (c) the following definition of "rent”: "[consideration, charge, fee or other thing of value, including any bonus, benefit or gratuity demanded or received for, or in connection with, the use or. occupation of housing accommodations”.
The painting by the tenant constitutes a "benefit” as well as a "thing of value” as stated in the former Code’s and the new Code’s respective definitions of "rent” and must be considered to be part of the rent, since no question has been raised, that the reduction in the rent represents the fair value of the painting. Therefore, the amounts stated in the lease rather than in the letter to the tenant constitute the lawful stabilized *414 rent and the respondent’s basis for its determination, i.e., that it would only consider the cash amount paid to be the "rent” is in violation of law.
This is consistent with the holding of the Conciliation and Appeals Board reported in the Rent Stabilization Digest that a reduction in rent extended to an employee of an owner is to be added to the actual cash rent paid in determining the base rent for rental of the unit to a subsequent tenant. (CAR Opn No. 6889.)
The Housing Maintenance Code § 27-2013 (b) (2) requires that the landlord paint a multiple-dwelling apartment, which is done for sanitary reasons, every third year. The DHCR argues that since this is the landlord’s obligation, the rent may not be lowered in exchange for the tenant’s performance of the work, for the year in which this obligation occurs. However, even in this case, the landlord would have the right to hire the tenant, as it would hire any other person, to perform the work, independently of the landlord-tenant relationship.
Therefore, the petition is granted and the decision of the DHCR of August 29, 1986 is annulled with respect to the determination concerning Thomas P. Ettinger.