SOUTH FERRY BUILDING Co., Petitioner, v 44 WALL STREET FUND, INC., Respondent.

Civil Court of the City of New York, New York County, November 4, 1988

**APPEARANCES OF COUNSEL**

*Tenzer, Greenblatt, Fallon & Kaplan (Michael S. Simon* of counsel), for petitioner. *Ruffen H. Cotton, Jr.,* for respondent.

**OPINION OF THE COURT**

ROBERT D. LIPPMANN, J.

In this holdover proceeding petitioner seeks use and occupancy for the period beginning December 15, 1987 through October 1988 and for the pendency period of the proceeding. Respondent opposes on the ground that the court lacks subject matter jurisdiction.

The following facts are uncontradicted. On September 19, 1983 respondent executed two leases for the subject premises at One State Street Plaza, Manhattan, one lease running from November 11, 1983 to December 14, 1987 and the other from

December 15, 1987 to August 31, 1991. On October 26, 1987 respondent commenced an action in the Supreme Court seeking a declaratory judgment to determine the validity of the lease expiring in 1991. On October 29, 1987, respondent formally notified petitioner of its intention to vacate the subject premises on December 12, 1987. On November 11, and again on December 4, 1987, respondent requested in writing that petitioner provide freight elevator service on December 12 to enable it to remove all office equipment and furnishings.

Petitioner commenced a summary proceeding against respondent on November 9, 1987, which was terminated pursuant to a stipulation executed December 9, 1987 by which terms respondent agreed to pay all arrears through December 14, 1987 and petitioner agreed to provide freight elevator service to respondent on December 12, 1987.

On December 12, 1987 respondent did in fact move with all its furniture, files, computers and telephones to 630 Third Avenue in Manhattan. It left behind and abandoned some chairs and desks. On December 14 Carmine Angone, respondent's office administrator, handed over to Zev Wolfson, a general partner of petitioner, the keys to the premises.

All of respondent's employees possessed a set of keys. One employee, absent on the departure date, returned his keys to respondent at a later time. Respondent did not return this set of keys to petitioner and admits it has used the keys to enter the subject premises on at least three occasions, once at the request of petitioner and twice thereafter for the purpose of showing the premises to a potential tenant and with notice to petitioner.

The instant proceeding was filed with the court February 23, 1988 and is grounded on the allegation that respondent "failed to move into or take possession of the premises within fifteen (15) business days after the commencement date of the terms of the lease."

It is well settled in law that "[i]t is essential to the jurisdiction of the court to entertain a summary proceeding and to make a final judgment therein that the tenant should be in possession." *(Warrin v Haverty,* 149 App Div 564, 567 [1st Dept 1912].) "The party sought to be removed must be either in actual or constructive possession, or at least must claim the right to possession at the commencement of the proceeding." *(Fishel v Baronelli, Ltd.,* 119 Misc 2d 625, 626 [Civ Ct, NY County 1983]; 2 Rasch, New York Landlord & Tenant—Sum-

mary Proceedings § 1196 [2d ed].) Whether the tenant is or is not in possession is a factual determination for the court. *(First Natl. City Bank v Wall St. Leasing Corp.,* 80 Misc 2d 707 [Civ Ct, NY County 1974].)

Respondent contends it surrendered the property, vacated the premises and turned over the keys to petitioner before the commencement of this proceeding, and that it asserts no legal right to the premises in question.

Petitioner argues that respondent is bound by its lease obligations and moreover has retained keys to the premises and has made entries thereupon. Petitioner relies on the following language from *Darob Co. v House of Pile Fabrics* (62 Misc 2d 899, 900 [Civ Ct, NY County 1970]): "The law is clear that as soon as a lease is executed and delivered, the tenant becomes the owner of the premises for the term demised and acquires the right to possession as of the date of the commencement of the term. This is so even if by the terms of the lease possession is postponed or given at a later date. And, tenant may or may not occupy the premises as he pleases. Whether or not he chooses to occupy is of no moment to the question of his liability, for he is still required to pay the rental which is the purchase price for the estate in the land just acquired."

The *Darob* court went on to distinguish its holding from the holding in *Warrin v Haverty (supra)* where no possession was found because there had been a surrender by the tenant, which was not the case in *Darob (supra).*

In *Sarafian v Wool Bros. Corp.* (75 Misc 2d 355 [Civ Ct, NY County 1973]), however, relied upon by respondent, the court held that it was unnecessary for it to decide whether the landlord had accepted the surrender since it was clear that the tenant was not in possession. The holdings in *Darob (supra)* and *Sarafian* appear to contradict each other.

Petitioner also relies on *Fishel v Baronelli (supra)* in which the court held the tenant was in possession because he had refused to deliver the keys to the landlord. This same court also stated, "[t]raditionally, keys are considered to be a symbol of possession. Thus, when a tenant upon relinquishing possession returns the keys, this constitutes an act evidencing an intent to offer a surrender." *(Supra,* at 627.) But in *First Natl. City Bank (supra,* at 709) the court held that "if the keys are not surrendered this fact alone is not conclusive that the premises have not been surrendered. * * * The possession

necessary to sustain jurisdiction is physical possession not the legal right of possession." (Citing *Sarafian v Wool Bros. Corp., supra.)*

Upon close examination of the above-cited cases, it is clear that neither a lease, nor a key nor a surrender is by itself conclusive of possession. In the final analysis, what is conclusive to the determination of the jurisdictional question is whether the petitioner can take complete possession of the premises without need of a summary proceeding *(see, First Natl. City Bank v Wall St. Leasing Co., supra)*. The test is whether a Marshal or other officer of the court would give the landlord nothing under the final order because the premises are wholly vacant and the landlord has the keys *(see, Warrin v Haverty, supra,* at 567). Thus ultimately the critical question is who under the given circumstances has dominion and control over the premises—petitioner or respondent? The question is not answered by merely asserting a lease. If a lease is all that is asserted, a landlord has a cause of action based on contract. Without possession, actual or constructive, there is no privity of estate, which is the basis for a summary proceeding. Absence of privity of estate does not deprive a landlord of his remedies based on privity of contract, but he must then proceed by way of a plenary action and may not seek the speedier summary proceeding in the landlord-tenant court. The proof of this proposition is that even where there is no formal landlord-tenant relationship forged in a lease, a summary proceeding may nonetheless be maintained as long as possession by respondent is shown. Thus RPAPL 713 specifically authorizes the maintenance of a summary proceeding against squatters, against licensees of the tenant, and against persons in possession by force, to cite just a few examples.

Here, it is undisputed that respondent has physically vacated the premises. In fact, the petition herein is grounded on the claim that respondent has not taken possession of the premises, in contravention of the lease.

The remaining question then is whether respondent, in the absence of physical possession, has retained any dominion and control over the premises. Respondent has tendered a formal surrender and disavows any legal right to the premises. Respondent has also returned the keys, the symbolic act of relinquishing possession. The fact that respondent retained one set of keys does not in itself indicate possession where, as here, respondent entered upon the premises only after notice to petitioner, indicating that respondent had divested itself of

all possessory rights, including constructive possession. As to the lease itself, its very validity is the subject of an action now before the Supreme Court.

In short, there is no basis for holding that respondent has any dominion or control over the premises. A Marshal acting on an eviction order of this court could not give petitioner more than it now holds.

Since at the commencement of the instant summary proceeding respondent was out of possession, the requisite predicate for the court's jurisdiction is lacking.

The petition is dismissed.