*1168 OPINION OF THE COURT
George M. Heymann, J.
Factual Background
This holdover proceeding was commenced by the service of a petition and notice of petition, dated June 6, 2006.[1] Prior thereto, on September 14, 2005, the respondent was served with a notice of termination,[2] dated September 8, 2005, informing him that his month-to-month tenancy would be terminated on October 31, 2005.[3] The notice further stated that the respondent had defaulted in the payment of rent at a rate of $1,000 per month for the months of June, July, August and September 2005 and that the termination of the tenancy had no effect upon the respondent’s past due obligation to pay same. The petition itself, in paragraph 11 states that “No payments of rent have been received by the Landlord for any period commencing on or after June 1, 2006.”[4] In addition to requesting a final judgment of possession, petitioner seeks, inter alia, any rental arrears and the fair value of use and occupancy (u&o).
On July 5, 2006, the respondent’s counsel moved this court for an order dismissing this proceeding on the ground that the petition is defective because it states that the landlord-tenant relationship was terminated on October 31, 2006 as opposed to October 31, 2005, which was clearly indicated in bold face type in the notice of termination annexed thereto. However, there is no dispute that the respondent received said notice since his affidavit in support of the motion avers in paragraph 3: “A Notice *1169 of Termination was served by Petitioner on me in the middle of September 2005.”
As a result, the court denied the motion to dismiss as it was evident by the respondent’s own admission that he received the notice of termination which contained the termination date October 31,2005, and that the last digit of the termination date set forth in the petition (October 31, 2006) was nothing more than a typographical error.
Thereafter, on September 20, 2006, counsel for both parties appeared before the court whereupon the petitioner moved to amend the petition to reflect the correct termination date and for summary judgment for possession and for rent/u&o in the amount of $15,000. The respondent’s counsel opposed the motion and asked the court for leave to file an amended answer in the event the court grants the first branch of the petitioner’s motion and denies the second branch for summary judgment. In response to petitioner’s written motion and exhibits, counsel for the respondent submitted his own two-page affirmation in opposition. Aside from that, there is no cross motion seeking any affirmative relief, nor is there any sworn affidavit from the respondent to controvert the allegations in the petition. The entire premise for respondent counsel’s request that the petitioner’s motion be denied is the unsubstantiated assertion that the respondent vacated the subject premises on Sunday, July 23, 2006 and that therefore the petitioner’s motion is moot as the court no longer has jurisdiction.
Question Presented
Does the court retain jurisdiction to grant summary judgment and award rent/u&o to a petitioner landlord where the respondent tenant voluntarily vacates the subject premises after the commencement of a summary holdover proceeding and there is no longer a need for a possessory judgment and warrant to be issued?
Discussion
For the following reasons, the court grants the petitioner’s motion.
Amending the petition to reflect the year 2005 as the correct year of the termination of tenancy to conform with the notice of termination that the respondent acknowledged receiving in no way alters the substance of the allegations in the petition. The typographical error is as de minimis as an *1170 error can be and there is no prejudice to the respondent who was not only aware of the correct date that his tenancy was terminated, but who has already voluntarily extricated himself from the premises. As a result, even if the court were to deny the second branch of the motion seeking summary judgment, counsel’s request for leave to file an amended answer would be denied since no other change to the petition that had been served on the respondent is sought by the petitioner that would require any additional response by the respondent to that previously made. Any attempt by the respondent to use the scribe’s error as an opportunity to raise new issues or defenses heretofore not proffered would be extremely inappropriate and prejudicial to the petitioner.
As to the petitioner’s application for summary judgment, it is the opinion of the court that the respondent has failed to demonstrate any issue of fact that would necessitate a hearing or trial in this matter. There is no affidavit of personal knowledge from the respondent to refute the petitioner’s assertion that the rent/u&o has not been paid since June 2005. His counsel’s conclusion that the respondent’s departure from the premises rendered this proceeding moot and removed it from the court’s jurisdiction is without merit.
It is a basic premise of landlord-tenant summary proceedings, whether nonpayment or holdovers, that the person against whom the action is brought be in physical possession of the subject premises at the time the action is commenced in order for the court to obtain jurisdiction. This doctrine was enunciated by the Appellate Division, First Department, almost a centuiy ago in Warrin v Haverty (149 App Div 564, 567 [1912]) wherein the Court held: “It is essential to the jurisdiction of the court to entertain a summary proceeding, and to make a final order therein, that the tenant should be in possession.” (See, Sarafian v Wool Bros. Corp., 75 Misc 2d 355 [Civ Ct, NY County 1973].)
Once that jurisdiction has attached the action is not defeated simply because the respondent tenant/occupant voluntarily vacated the premises prior to a formal resolution or disposition of the matter. As aptly stated in Four Forty-One Holding Corp. v Bloom (148 Misc 565, 567-568 [App Term, 1st Dept 1933]):
“When this proceeding was instituted the tenant was in possession. The court then had jurisdiction to entertain the proceeding and, jurisdiction over *1171 the subject matter having once vested, was not divested by subsequent events, although of such character as would have prevented jurisdiction from attaching in the first instance ... We are further of opinion that, jurisdiction existing, the removal of the tenant did not operate to arrest the proceedings properly begun.”
Therefore, in the case at bar, since the respondent resided in the subject premises when the petition and notice of petition were served on him, it is of no consequence that he vacated said premises after this matter was properly commenced.[5] Although the entry of a possessory judgment and the issuance of a warrant are superfluous, the petitioner should not, at this juncture, be relegated to initiating a plenary action to recover the rent/ u&o having incorporated such relief in the notice of termination and the petition and notice of petition each of which were served upon the respondent at the time he still resided at the premises in question. The court properly acquired jurisdiction over this matter when it was commenced and continues to retain jurisdiction notwithstanding the respondent’s recent vacatur of the subject premises.
Accordingly, the first branch of the petitioner’s motion to amend paragraph 5 of the petition to reflect the correct date of termination of the tenancy from October 31, 2006 to October 31, 2005 is granted.
The second branch of the petitioner’s motion for summary judgment is granted to the extent of awarding the petitioner a final money judgment in the amount of $14,000, as there has been no sworn affidavit from the respondent to refute the petitioner’s allegation that there has been no payment of rent/ u&o since June 2005. In the Supreme Court action brought by the respondent to recover one-half ownership of the subject premises, the respondent’s sworn affidavit, dated October 25, 2005, stated in paragraph 15 that he lived in the subject premises for the past three years and paid a rental amount of $1,000 per month to his brother, the petitioner herein. (See, petitioner’s affidavit, exhibit C.)
Therefore, the court, as did the Supreme Court in its decision (see, petitioner’s affidavit, exhibit D), will accept" that figure as the monthly rent/u&o and calculates the arrears as follows:
*1172 June 2005[6] through July 2006 = 14 months x $1,000 = $14,000.

. The parties herein are brothers. Petitioner jointly owned the subject premises, located at 724 E. 53rd Street, Brooklyn, New York, 11203, with his late father until the father’s demise in July 2005 and thereafter became sole owner.

. Shortly after receiving the notice of termination the respondent moved in Supreme Court, Kings County (Index No. 35264/05), to recover a one-half share of the subject premises. The motion was denied by the court on May 23, 2006. It was during this proceeding that the respondent stated in a sworn affidavit that he was living there as a tenant for a period of three years paying a monthly rental of $1,000 to his brother.

. The 10-month delay between the predicate notice and the commencement of the instant proceeding was occasioned by a stay issued by the Supreme Court pending a resolution of the matter before it regarding ownership of the subject premises herein.

. Clearly, this date was meant to be June 1, 2005 in conformance with the dates set forth in the notice of termination. Counsel for both parties failed to notice and/or address this typographical error.

. While common sense, as well as the law, would dictate that this is the appropriate approach in which to deal with this all too often scenario, the court was surprised to find such a paucity of case law on the subject.

. Petitioner, in his affidavit, stated that he received no payments since May 2005. However, since the petition seeks rent/u&o as of June 2005 the arrears have been determined from that month forward.