OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the appeals are consolidated for the purposes of disposition; and it is further, ordered that the order, insofar as appealed from, is modified by providing that the branch of petitioner’s motion seeking an *22 award of attorney’s fees against Cathedral Court Associates is denied without prejudice; as so modified, the order, insofar as appealed from, is affirmed, without costs.
After he was evicted from his cooperative apartment, petitioner commenced this unlawful entry and detainer proceeding (RPAPL 713 [10]) in 1999 against the cooperative corporation, Cathedral Properties Corp. (CPC), seeking to be restored to possession and to recover compensatory and treble damages. CPC answered and moved for summary judgment dismissing the petition, supporting the motion by an affidavit of CPC’s then vice-president, Jacques Blinbaum. By order entered April 6, 1999, the District Court (John B. Riordan, J.) granted CPC’s motion, holding that, “as a former owner of shares,” petitioner did not have standing to commence an RPAPL 713 (10) proceeding. By decision and order dated March 31, 2000 (184 Misc 2d 304 [2000]), this court reversed the District Court’s order and denied CPC’s motion, holding that petitioner had standing to maintain this proceeding as he had been in “constructive possession” (RPAPL 713 [10]), through the possession of his subtenant, at the time of the alleged unlawful entry and detainer. Following a nonjury trial, the District Court found that the default and termination notices that had been served were ineffective to terminate petitioner’s tenancy and that petitioner had been wrongfully evicted by CPC’s then managing agent, the principal of which was Jacques Blinbaum. The District Court awarded petitioner damages against CPC, but did not award him possession because CPC was not the “titled owner,” the apartment shares having been sold at auction to Cathedral Court Associates (CCA), the sponsor, an entity which was also controlled by Jacques Blinbaum.
On an ensuing appeal and cross appeal, this court, by decision and order dated June 18, 2007, reversed the final judgment and directed that a final judgment be entered awarding possession to petitioner, following the formal joinder of CCA, and dismissing without prejudice petitioner’s cause of action for damages (16 Mise 3d 111 [2007]). This court sustained the finding that the eviction was wrongful and found that, because Blinbaum, the principal of CCA, was also the president of the company that had managed the property, the vice-president of CPC, the person who had issued the defective predicate notices, and the person who had been in control of CPC’s defense of this litigation, CCA was bound by all the findings previously made in this proceeding. This court dismissed the damages claim without *23 prejudice because damages are not recoverable in a RPAPL 713 (10) proceeding and must be sued upon separately. Petitioner subsequently commenced a Supreme Court action seeking various forms of relief, including the damages which had been sought herein.
In 2010, CCA moved to modify this court’s 2007 decision and order, claiming that this court had been deprived of “subject matter jurisdiction” because in 2003 “an undisclosed prior intervening sale of the subject co-op [apartment] at arm’s length” had taken place. It was claimed that CCA, which had purchased the apartment at auction for $4,500 following the eviction, had renovated the apartment and had sold it in 2003 to one Michael Muzik for $73,000. CCA claimed that this court had been ousted of jurisdiction because CCA had no longer been in possession when this court’s decision and order had been made. By decision and order dated August 11, 2010, this court denied CCA’s motion, noting that the sale of the shares to a third party did not divest the court of jurisdiction (2010 NY Slip Op 79948[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). By decision and order dated August 1, 2011, this court denied CCA’s motion to modify this court’s August 11, 2010 decision and order, and for leave to reargue or, in the alternative, for leave to appeal to the Appellate Division (2011 NY Slip Op 80198[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). By decision and order dated October 12, 2011, the Appellate Division denied CCA’s motion for leave to appeal to that court from this court’s 2007, 2010, and 2011 decisions and orders (2011 NY Slip Op 86278[U] [2d Dept 2011]). By decision and order dated September 11, 2012, the Appellate Division denied CCA’s motion for leave to appeal to the Court of Appeals (2012 NY Slip Op 83735[U] [2d Dept 2012]).
In the interim, by motion returnable April 25, 2011, CCA moved in the District Court to vacate all prior proceedings and decisions and to direct a new trial based on a claimed lack of subject matter jurisdiction. CCA also moved to dismiss the petition as against it on the ground that the same relief had now been requested in the pending Supreme Court action and on the ground that CCA had no claim to possession of the premises. Admitting that, at Blinbaum’s instructions, CPC’s managing agent had changed the apartment door locks following the auction sale to CCA and had given possession to CCA, CCA nevertheless argued, among other things, that the District Court, and this court, lacked subject matter jurisdiction because no party *24 originally named as a respondent in this proceeding had been in possession at the time the proceeding had been commenced. Petitioner opposed CCA’s motion and separately moved for an award of attorney’s fees in the sum of $89,953.92 as against CCA and CPC. CPC joined in CCA’s motion and separately moved for leave to serve and file an amended answer containing cross claims against CCA, and for leave to serve and file third-party papers upon Blinbaum and his management company. CPC claimed that, if it were to be found liable for attorney’s fees, it should be indemnified by the various Blinbaum affiliates.
By order dated September 30, 2011, the District Court denied CCA’s and CPC’s motions, granted petitioner’s motion to the extent of finding that petitioner had prevailed in the proceeding and was entitled to recover attorney’s fees as against CCA and CPC, and set the matter down for a hearing to determine the reasonable fees owed. The hearing has not been held, and the matter has been marked off the District Court’s calendar. CCA and CPC separately appealed from the portions of the order that are adverse to them, but, by letter dated September 12, 2013, CPC notified this court that it had settled its dispute with petitioner and would pursue the appeal only with respect to its dispute with CCA and the other Blinbaum affiliates.
On appeal, CCA again argues that all the prior proceedings in this matter must be vacated pursuant to CPLR 5015 (a) (4) for lack of subject matter jurisdiction, because no named respondent had possession at any time during the proceeding. Relying on language in cases such as Radlog Realty Corp. v Geiger (254 App Div 352 [1938]) and Warrin v Haverty (149 App Div 564, 567 [1912]), CCA argues that it is a jurisdictional prerequisite to the maintenance of a summary proceeding that the party sought to be removed be in possession at the time the proceeding is commenced. CCA also challenges, on various grounds, the District Court’s determination to award petitioner attorney’s fees.
In our view, the District Court properly denied CCA’s motion to vacate all the prior proceedings pursuant to CPLR 5015 (a) (4) for lack of subject matter jurisdiction. That provision “is designed to preserve objections so fundamental to the power of adjudication of a court that they survive even a final judgment or order” (Lacks v Lacks, 41 NY2d 71, 74-75 [1976]). Notwithstanding the language in the old Appellate Division cases relied upon by appellants to the effect that “[i]t is essential to the jurisdiction *25 of the court to entertain a summary proceeding . . . that the tenant should be in possession” (Warrin, 149 App Div at 567), the objection put forward by appellants does not satisfy the requirements of CPLR 5015 (a) (4). As stated in this court’s decision and order dated August 11, 2010:
“ ‘Subject matter jurisdiction concerns a court’s competence to entertain a particular kind of application (see Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718 [1997]; Lacks v Lacks, 41 NY2d 71, 75 [1976]; Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166 [1967]). A court’s power to entertain a particular kind of application is conferred by constitution or statute alone (see Matter of Fry v Village of Tarrytown, 89 NY2d at 718).’
“(Matter of H.M. v E.T., 65 AD3d 119, 123 [2009], revdonothergrounds14 NY3d 521 [2010]). By virtue of NY Const, art VI, § 16, UDCA 204, and RPAPL 701 and 713, the District Court had subject matter jurisdiction over this unlawful entry and detainer proceeding” (2010 NY Slip Op 79948[U], *1; see also Birchwood Towers #2 Assoc. v Schwartz, 98 AD2d 699 [1983]).
Thus, this contention by CCA provides no sufficient basis to set aside all the prior proceedings.
However, petitioner’s motion for attorney’s fees against CCA should have been denied without prejudice. The District Court’s jurisdiction in all RPAPL article 7 summary proceedings, with respect to the relief that may be granted to a petitioner, is limited to an award of possession, rent, and use and occupancy (RPAPL 701, 741 [5]; see Eze v Spring Cr. Gardens, 85 AD3d 1102 [2011]; Rostant v Swersky, 79 AD3d 456 [2010]; Saccheri v Cathedral Props. Corp., 16 Misc 3d 111 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; Cazares v Aguilar, 34 Misc 3d 1228[A], 2012 NY Slip Op 50283[U] [Nassau Dist Ct 2012]). Contrary to petitioner’s contention, nothing in Real Property Law § 234 enlarges the court’s jurisdiction so as to allow an award of attorney’s fees to a petitioner in an RPAPL 713 (10) proceeding. We note, in any event, that petitioner’s claim for more than $89,000 in attorney’s fees far exceeds the $15,000 jurisdictional limit of the District Court (UDCA 202), and that, while the UDCA expands the District Court’s jurisdiction to allow the recovery, in a summary proceeding, of “rent due without regard to amount” (UDCA 204; see Matter of Byrne v Padden, 248 NY 243 [1928]), the fees sought *26 herein are not “rent due.” In view of the foregoing, CPC’s motion for, among other things, leave to amend its answer to seek indemnification for any attorney’s fees awarded against it was also properly denied.
We have examined appellants’ other contentions and find them to be without merit.
We modify the order accordingly.
Nicolai, EJ., LaSalle and Maraño, JJ., concur.