OPINION OF THE COURT
Per Curiam.
Order, dated August 1, 2013, insofar as appealed from, modified, with $10 costs, the Beverley respondents’ motion to dismiss the petition is denied, the petition as against them reinstated, and the matter remanded to Civil Court for further proceedings.
This illegal lockout proceeding, commenced by the putative “permanent tenant” of the underlying hotel dwelling unit, should not have been dismissed on respondents’ CPLR 3211 (a) (7) motion. Accepting petitioner’s allegations as true, and according them the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), the petition states a cause of action for forcible entry and detainer (see RPAPL 713 [10]; Markun v Weckstein, 100 Misc 668, 670 [1917]).
We find unavailing respondents’ single, narrow argument that petitioner has no right to be restored to possession of the premises because he was a mere “gratuitous licensee” who paid *97 no rent. Petitioner sufficiently alleged that he qualified as a “permanent tenant” entitled to rent stabilization protection at the time he was forcibly removed, inasmuch as the hotel room was “rented to” him when he requested a six-month lease (see Rent Stabilization Code [9 NYCRR] § 2522.5 [a] [2]). In this regard, although petitioner utilized “points” under a Wyndham rewards program to pay for his scheduled one-night accommodation at the hotel, and requested a six-month lease shortly after checking in, respondents failed to conclusively establish that the rewards points at issue are not encompassed within the broad definition of “rent” set forth in the Code, viz., “[c]onsideration, charge, fee or other thing of value, including any bonus, benefit or gratuity” (9 NYCRR 2520.6 [c]). While the underlying rewards program provides that points “have no cash value,” we are not prepared to say as a matter of law that the rewards points at issue did not otherwise constitute a “benefit” or “thing of value” so as to constitute rent under the Code (9 NYCRR 2520.6 [c]; see Ettinger v New York State Div. of Hous. & Community Renewal, 139 Misc 2d 412 [Sup Ct, NY County 1987] [painting by the tenant constitutes a benefit as well as a thing of value and must be considered to be part of the rent]).
In reinstating the petition, we express no view as to the substantive issues remaining to be litigated and the ultimate outcome on the merits. We remand the matter for disposition of petitioner’s motion — denied as moot below.
Shulman, J.P., Hunter, Jr. and Ling-Cohan, JJ., concur.