OPINION OF THE COURT
 

 Per Curiam.
 

 Orders, dated October 5, 2015, December 14, 2015, February 24, 2016 and March 1, 2016, insofar as appealable, affirmed, without costs.
 

 We sustain the order restoring petitioner to possession of the subject hotel dwelling unit
 
 (see
 
 RPAPL 713 [10]). On this developed record
 
 (compare Mondrow v Days Inns Worldwide, Inc.,
 
 48 Misc 3d 95 [2015]), petitioner sustained his burden of proof that he qualified as a “permanent tenant,” inasmuch as the hotel room was “rented to” him at the time he requested a six-month lease (Rent Stabilization Code [9 NYCRR] §§ 2520.6 |j]; 2522.5 [a] [2];
 
 see Ahmed v Chelsea Highline Hotel,
 
 49 Misc 3d 139[A], 2015 NY Slip Op 51577[U] [App Term, 1st Dept 2015]). Petitioner’s proof, which respondents failed to rebut, established that the particular rewards “points” utilized to pay for the hotel accommodation are encompassed within the broad definition of “rent” set forth in Rent Stabilization Code § 2520.6 (c), i.e., “[consideration, charge, fee or other thing of value, including any bonus, benefit or gratuity”
 
 (see Aron Realty Holdings, Inc. v Pollack,
 
 2002 NY Slip Op 50210[U] [App Term, 1st Dept 2002]).
 

 We do not pass upon the ancillary relief sought by petitioner relating to his permanent tenancy, such as his requests for a mechanical door lock, removal of surveillance cameras and a determination of harassment. These requests are beyond the limited scope of a forcible entry and detainer proceeding
 
 (see Saccheri v Cathedral Props. Corp.,
 
 43 Misc 3d 20 [2014];
 
 see also Rostant v Swersky,
 
 79 AD3d 456 [2010]), and our disposition is without prejudice to petitioner pursuing his remedies in the appropriate forum. We also -note that petitioner has
 
 *87
 
 indicated that he has rent overcharge and harassment proceedings pending before New York State Homes and Community Renewal.
 

 The denial of sanctions against respondents and their counsel was a proper exercise of discretion
 
 (see Grozea v Lagoutova,
 
 67 AD3d 611 [2009]). Respondents’ defense of this proceeding, including their specific argument that the rewards points at issue did not constitute rent — an issue of apparent first impression — was not frivolous within the meaning of 22 NYCRR 130-1.1. Nor did the court abuse its discretion in denying petitioner’s motion for contempt. Respondents’ brief delay in complying with the restoration order did not rise to the level of willful, contumacious behavior, nor was the delay due to bad faith.
 

 Finally, we express our strong disapproval of petitioner’s baseless ad hominem attacks against the court and respondents’ counsel, and note that any continuation of this conduct may subject petitioner to the imposition of sanctions pursuant to 22 NYCRR 130-1.1 (a) and (c).
 

 We have considered the parties’ remaining arguments and find them unavailing.
 

 Shulman, J.R, and Gonzalez, J., concur.