Maharaja Asian Supermarket, Inc. v A & S Vegetables, Inc. (2022 NY Slip Op
51365(U))

[*1]

Maharaja Asian Supermarket, Inc. v A&S Vegetables,
Inc.

2022 NY Slip Op 51365(U) [77 Misc 3d 138(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through February 9,
2023; it will not be published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH
H. EMERSON, JJ

2022-21 N C

Maharaja Asian Supermarket, Inc.,
Respondent,
against
A&S Vegetables, Inc., Doing Business as Maharaja
Farmers Market, Appellant, 
 Amandeep Singh and Senthil K. Lakshmanan, Nonparty-Appellants.

McLaughlin & Stern, LLP (Christian Browne of counsel), for appellant and
nonparty-appellants.
White, Cirrito, Nally & Lynch, LLP (Christopher M. Lynch of counsel), for
respondent.

Appeal from a decision of the District Court of Nassau County, First District (Gary
M. Carlton, J.), dated December 6, 2021. The decision, after a nonjury trial, found that
landlord was entitled to recover possession and the sum of $4,839,023.70 in a
nonpayment summary proceeding. A final judgment was entered on February 1, 2022
against A&S Vegetables, Inc., d/b/a Maharaja Farmers Market pursuant to the
decision.

ORDERED that so much of the appeal as was taken by nonparties Amandeep Singh
and Senthil K. Lakshmanan is dismissed, as no appeal lies from a decision (see
UDCA 1702; Greenfield v Tassinari, 8 AD3d 529 [2004]); and it is further,
ORDERED that, on the court's own motion, so much of the notice of appeal from the
decision dated December 6, 2021 as is by A&S Vegetables, Inc., d/b/a Maharaja
Farmers Market is deemed a premature notice of appeal from the final judgment entered
against A&S Vegetables, Inc., d/b/a Maharaja Farmers Market on February 1, 2022
(see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is modified by reducing the amount awarded to
the principal sum of $1,231,800.75; as so modified, the final judgment is affirmed,
without costs.
Landlord, a prime tenant, sublet the subject premises to tenant, A&S
Vegetables, Inc., d/b/a Maharaja Farmers Market, pursuant to a commercial sublease
which provided that any modification of its terms had to be in a writing signed by the
party against whom enforcement of the modification was sought. In October 2020,
landlord commenced this nonpayment proceeding to recover possession and unpaid rent
starting at the rate of $35,450 per month and increasing annually for the period of June
2016 through October 2020. The petition was amended at a November 1, 2021 nonjury
trial to include payments due through October 2021, for a total sought of $1,215,800.75,
reflecting partial payments made by tenant. At the trial, tenant's owner testified that the
parties had orally agreed to modify the sublease to reduce the rent to $7,000 per week
beginning in August 2018. Landlord's president testified that there had been no such
modification of the sublease.
In a decision dated December 6, 2021, the District Court found, in effect, that tenant
had not established the alleged oral modification of the sublease and held that landlord
was entitled to recover possession and the sum of $4,839,023.70, which included, among
other sums, $1,745,452 in "past rent," $116,319.49 in additional rent for unpaid electric
bills, and $2,961,252.21 in "future rent." A final judgment was entered on February 1,
2022 in accordance with the decision.[FN1]

The determination of a trier of fact as to issues of credibility is given substantial
deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their
credibility (see Northern Westchester Professional Park Assoc. v Town of
Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d
824, 826 [2008]). Here, the record supports the District Court's determination to, in
effect, reject tenant's claim of an oral modification of the rent terms of the subject
sublease. Where, as here, a contract expressly provides that it can only be modified in
writing, an oral modification will be enforced where there is part performance that is
unequivocally referable to the modification or a showing of equitable estoppel
(see General Obligations Law § 15-301 [1]; Eujoy Realty Corp. v Van Wagner
Communications, LLC, 22 NY3d 413, 425-426 [2013]; Rose v Spa Realty
Assocs., 42 NY2d 338, 343-344 [1977]). As tenant has not adduced proof of conduct
by the parties unequivocally referable to the alleged modification (see Eujoy Realty
Corp. v Van Wagner Communications, LLC, 22 NY3d at 427) or reliance to its
detriment on the alleged modification (see id.; [*2]Washington Group L.L.C. v Adams, 14 Misc 3d
128[A], 2006 NY Slip Op 52503[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2006]), the alleged modification cannot be enforced. Therefore, landlord demonstrated
its entitlement to possession in this nonpayment proceeding.
However, the amount that the District Court awarded in "past rent," $1,745,452, is
unsupported by the record. At trial, landlord submitted into evidence a rent ledger
showing a total due of $1,215,800.75 as of October 2021. That amount included
$116,319.49 in additional rent for unpaid electric bills, which the District Court awarded
separately from its award of "past rent" and which tenant does not specifically challenge
on this appeal. Without the $116,319.49 in additional rent for unpaid electric bills, the
ledger shows a total due of $1,099,481.26 in rent arrears. Since there is no basis in the
record for the additional $645,970.74 in the District Court's award of "past rent," we
reduce the "past rent" portion of the final judgment from $1,745,452 to
$1,099,481.26.
Regarding the award of "future rent," to the extent that it is supposed to reflect
accelerated rent, we note that the District Court's jurisdiction in all RPAPL article 7
summary proceedings, with respect to the relief that may be granted to a petitioner, is
limited to an award of possession, rent due, and use and occupancy (RPAPL 701, 741
[5]; see Eze v Spring Cr.
Gardens, 85 AD3d 1102 [2011]; Rostant v Swersky, 79 AD3d 456 [2010]; Saccheri v Cathedral Props.
Corp., 43 Misc 3d 20 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
"[A]ccelerated rent is not 'rent due,' but contractual damages not recoverable in a
summary proceeding" (Ross
Realty v V & A Fabricators, Inc., 42 AD3d 246, 250 [2007]). Thus, the
award of "future rent" must be deleted from the final judgment.
Accordingly, the final judgment is modified by reducing the amount awarded to the
principal sum of $1,231,800.75.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022

Footnotes

Footnote 1: We note that, though
the petition did not list non-party appellants Amandeep Singh and Senthil K.
Lakshmanan as respondents and there is no indication that they appeared in the
proceeding or answered the petition, the decision named Singh and Lakshmanan, in
addition to tenant, in the caption. As the final judgment was entered only against tenant,
so much of the appeal from the decision as is by the nonparties cannot be deemed to be
from the final judgment, and therefore must be dismissed.